Civiliom fay; removal for medical disqualification; legality of administrative proceedings. — On January 24, 1975 the court issued the following order:
Before davis, Judge, Presiding, kashiwa and kunzig, Judges.
“This case comes before the court on defendant’s motion, filed April 16, 1974, for summary judgment and plaintiff’s motion, filed July 15, 1974, for summary judgment, having been submitted and considered on the briefs and oral argument of counsel.
“Plaintiff claims that his removal as an air controller and an FA A employee on the ground of medical disqualification was improper and illegal, but we find no merit in any of his procedural or substantive attacks on the removal proceedings or any adequate reason to have a trial in this court.
“There was no material procedural error below. The administrative record compiled before the agency and the Civil Service Commission, including a full trial-type hearing before the Commission, was sufficiently complete, and plaintiff was not deprived of the right to present relevant evidence either with respect to his claim that he was removed for union activities rather than for medical reasons[1] or his argument that the medical evidence was insufficient. There is therefore no reason for a trial in this court.
*845 “As for the specific procedural errors alleged, no prejudice has been shown from the alleged failure to allow plaintiff to see or review all the medical evidence against him before he was terminated; all this evidence was available at the hearing and plaintiff was given in advance the evidence on which the deciding official actually acted. Nor was it error to fail to produce from Washington Dr. Siegel, the Federal Air Surgeon, at the hearing in Los Angeles; in view of the other evidence presented, the testimony of Dr. Siegel (who had never examined plaintiff) was not essential, and it was far from an abuse of discretion to deem it impractical to require him to appear in Los Angeles. Plaintiff is also clearly wrong in urging that it was error to allow the CSC Eegional Office decision to be signed by someone other than the examiner who had actually conducted the hearing. See, e.g., Tri-Cor, Inc. v. United States, 198 Ct. Cl. 187, 195, 458 F. 2d 112, 116 (1972).
“There was likewise no substantive error. The findings of the Commission and the agency that plaintiff was medically disqualified for an air controller position were supported by substantial evidence on the record as a whole, and were neither arbitrary nor capricious. The same is true of the Commission’s findings that (a) the removal was actually based on plaintiff’s medical qualifications, not on his union activity or his participation in the controllers’ “sick-out,” and that (b) the agency made a bona fide effort, as required by its regulations, to relocate plaintiff in another FAA position not calling for a controller’s medical qualifications, and the failure to relocate plaintiff was not due to lack of proper effort by the agency. There is no reason whatever to consider any of these findings of the Commission to have been the result of bias or prejudice.
“it is THEREFORE oedered that plaintiff’s motion for Slim, mary judgment be and the same is denied, defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.”
On March 28,1975 the court denied plaintiff’s motion for a rehearing or revisal of the foregoing order.

 The Civil Service Commission trial examiner did not abuse Ills discretion In rejecting plaintiff's proffer of proof as to the alleged removal for union activity of other EAA employees from a different region of the country.