“This civilian pay case comes before the court on cross motions for summary judgment. There is no genuine issue as to any material fact.
“Prior to his separation on March 23, 1970, plaintiff was a federal employee at the Naval Applied Science Laboratory (NASL), Brooklyn, New York. By letter plaintiff was notified that his work had been identified with the function ‘other electronics’ being transferred to the Naval Electronic Laboratory Center (NELC), San Diego, California, and that he had a right to transfer to NELC with the function. Plaintiff was further advised that a declination of the offer to transfer would subject him to separation from employment. Plaintiff declined to transfer with his function and thereby was separated by adverse action procedures.
“Plaintiff contends that the proposed transfer of the function with which his work had been identified and which transfer plaintiff declined to accept was not a tranfer of a function at all but, rather, part of an overall reduotion-in-force (BIF). Hence, plaintiff alleges that he should not have been separated by adverse action for declining to transfer with his function, but rather by BIF procedures. In addition, plaintiff contends that the agency failed to comply with its procedural regulations in removing plaintiff from his position with the Navy and that the Civil Service Commission (CSC) and the Board of Appeals and Beview of the CSC (BAB) failed to give plaintiff the full benefit of procedural due process.
“Plaintiff filed suit in this court seeking back pay, restoration to his former position and correction of all applicable records. Upon consideration of the parties’ briefs submitted with their respective motions and supporting documents and after oral argument by counsel, the court finds:
*570 “ (1) The CSC correctly concluded in a detailed, thorough and supported decision and the documentary evidence establishes: (a) that prior to his separation plaintiff’s position was located in the Electronics Division, Systems Performance Effectiveness Branch of NASL, which division was properly identified as part of the ‘other electronics’ function; (b) that the function ‘other electronics’ was moved from NASL to NELC; (c) that such a movement of function is by definition a transfer of function and not a reorganization; (d) that plaintiff’s separation was the result of 'his declining the offer to transfer with the function with which his work had been properly identified and was not the result of any reorganization or overall RIF.
“Plaintiff’s reliance on the administrative proceedings after remand in Shubinsky v. United States, 208 Ct. Cl. 199, 488 F. 2d 1003 (1973), to support his contention that there was no valid transfer of the function ‘other electronics,’ but rather there was a reorganization which entitled plaintiff to RIF procedures, is completely without merit. There was no finding by the CSC after remand in Shubinsky that the function with which plaintiff’s work was identified was not validly transferred from NASL to NELC. Rather, the CSC concluded that the actions establishing Naval Strategic Systems Navigation Facility (NSSNF) from ‘* * * what remained of NASL, after certai/n functions had been transferred elsewhere * * * was a reorganization and not a transfer of function.’ [Emphasis supplied.] Hence, contrary to plaintiff’s contentions, plaintiff and Shubinsky were not caught in the ‘identical reorganization.’ The record establishes that the function with which plaintiff’s work was identified was transferred to NELC and was completely unrelated to the function proposed to be performed by NSSNF.
“(2) Plaintiff makes several allegations in his petition to the effect that the decision to remove plaintiff for declining to transfer was arbitrary and capricious and that in removing plaintiff from his position the officials at NASL failed to comply with the agency procedural regulations.
“It is well established that there is a presumption that officials act in good faith and the burden to overcome such a presumption is heavy. Grover v. United States, 200 Ct. Cl. *571 337, 344 (1973). Plaintiff has failed to introduce sufficient evidence to overcome this presumption. Plaintiff has failed to show that any regulation related to transfer of the function with which his work was identified was not followed. There is no evidence in the record that the transfer of the function with which plaintiff was identified was a subterfuge to deny plaintiff his retention rights. In addition, not only is there no evidence that the officials effecting plaintiff’s separation did not act in good faith, all the evidence is to the contrary. Accordingly, we find that the Navy’s decision to remove plaintiff from his position for declining an offer to transfer with the function with which his work was identified was for such cause as to promote the efficiency of the service, was based on substantial evidence and was neither arbitrary nor capricious. The agency did not abuse its discretion by separating plaintiff by adverse action for refusing to accompany the transfer of the function with which his work was identified. Furthermore, the record clearly establishes that the procedural requirements to accomplish the adverse action taken to remove plaintiff were fully complied with in the instant case.
“(3) Although plaintiff alleges that the CSC and BAR failed to give him the full benefit of procedural due process, plaintiff’s conclusory allegations that the instant case is distinguishable from the decisions by this court in Sullivan v. United States, 189 Ct. Cl. 191, 416 F. 2d 1277 (1969), and Terry v. United States, 204 Ct. Cl. 543, 499 F. 2d 695 (1974), cert. denied, 421 U.S. 912 (1975), are unpersuasive. This court was confronted in Terry with the precise issue now presented by plaintiff and we found that the failure to allow a verbatim transcript did not constitute a denial of procedural due process if, the CSC regulations do not require a verbatim transcript, a comprehensive summary of the hearing proceedings was prepared, each party was given the opportunity to submit exceptions thereto, and such exceptions became part of the record on appeal. Terry v. United States, 204 Ct. Cl. at 555-56, 499 F. 2d at 701; Sullivan v. United States, 189 Ct. Cl. at 195, 416 F. 2d at 1280. In the instant case, the record establishes that the hearing summary was forwarded for plaintiff’s comments, that plaintiff him *572 self acknowledged that he submitted Ms comments on the summary, and that said comments were made a part of the record. Plaintiff has failed to point to any statute or regulation in effect at the time of the hearing requiring that a verbatim transcript be made. Thus, it does not appear that plaintiff’s constitutional or statutory rights were violated by the procedure utilized. In addition, we do not find procedural error or denial of due process in the fact that the decision of the CSC was written by an appeals examiner other than the one who conducted the hearing. Richman v. United States, 206 Ct. Cl. 844 (1975); Tri-Cor, Inc. v. United States, 198 Ct. Cl. 187, 194-95, 458 F. 2d 112, 116 (1972). It should be noted that plaintiff has made no allegation that the appeals examiner who wrote the decision did not consider all the evidence in the record. See Sternberger v. United States, 185 Ct. Cl. 528, 537, 401 F. 2d 1012, 1017 (1968). Accordingly, plaintiff has failed to show any procedural violation with regard to the record of the CSC hearing.
“As for the other specific procedural errors alleged, we find that there was no material procedural error on the part of the CSC either by failure of the CSC to request that the Navy make certain witnesses available or by the failure of the CSC to request the Navy to produce certain documents. Defendant has fully discussed each witness and document requested by plaintiff and has established from the record that the CSC did not abuse its discretion by not requesting the Navy to produce such witnesses or documents. Plaintiff has failed sufficiently to address these arguments presented by defendant or to establish that the CSC abused its discretion.
“(4) Plaintiff has attached his own affidavit to his brief together with certain documents which do not appear as part of the certified copy of the CSC record compiled in this matter. Since the evidence presented by plaintiff’s exhibits and affidavit do not constitute newly discovered evidence which would entitle plaintiff to a court trial, since tMs case properly submitted on motions for summary judgment can be decided on the basis of the administrative record, the use of extraneous affidavits or exhibits to supplement an administrative record is not permitted. Shanteau v. United States, 208 Ct. Cl. 983 (1976). Therefore, defendant’s motion to *573 strike all exhibits attached to plaintiff’s brief which are not part of the administrative record compiled by the CSC in this matter and not within the purview of judicial notice is granted.
“Since the administrative record compiled in this case shows that plaintiff’s removal for declining to transfer with the function with which his work had been properly identified was supported by substantial evidence, was neither arbitrary nor capricious and was in compliance with all procedural requirements,
“IT IS OKDEKED that defendant’s motion for summary judgment be and is hereby granted, that plaintiff’s motion for summary judgment be and is hereby denied and that the petition be and is hereby dismissed.”