"This civilian pay case is before the court on the parties’ cross-motions for summary judgment and defendant’s motion to strike certain of plaintiffs materials. Plaintiff (Leefer) alleges arbitrary and capricious behavior on the part of defendant in carrying out a reduction-in-force (RIF) which resulted in plaintiffs accepting a position at a lower grade (albeit the same salary). He further alleges that the intent of the agency was 'to demean’ him, 'to frustrate’ him, and to 'prepare him for further shocks.’ Defendant, on the other hand, argues that the reduction-in-force was a discretionary action which was not taken in an arbitrary or capricious manner and which was, therefore, valid. We agree with defendant.
"Plaintiff, a non-veteran employee of the National Aeronautics and Space Administration (NASA) alleges that he was transferred from Washington, D.C. to Cleveland, Ohio in 1971, and given 58 days to report, despite his protestations that (1) he did not want to go, and (2) he needed more time. He further alleges that, when he got to Cleveland, he was given only 'run-of-the-mill’ assignments and was forced to share an office; he claims these actions were not in keeping with his status as a GS-15, step 7. He finally alleges that, on November 23, 1973, he accepted a reduction-in-grade to GS-14 (with two years’ pay retention) rather than be discharged through a RIF.
"Plaintiff appealed his reduction-in-grade administratively to the Appeals Examining Office (AEO) and the Board of Appeals and Review (now the Appeals Review Board — ARB), both of which rendered decisions adverse to *1062 plaintiff. Leefer now appeals these decisions to this court, alleging that the succession of agency actions and the Board’s decisions were arbitrary, capricious, and abuses of discretion.
"This court agrees with defendant that the course of agency conduct alleged by the plaintiff does not constitute arbitrary and capricious behavior. There is a strong presumption that officials act in good faith, Grover v. United States, 200 Ct.Cl. 337, 344 (1973), and plaintiff has not overcome this presumption. Transfer to Cleveland may not have been in accordance with plaintiffs desires, but it is hardly prima facie evidence of arbitrary and capricious behavior. Somebody has to go to Cleveland. See, e.g., Comberiate v. United States, 203 Ct.Cl. 285 (1973). Similarly, plaintiff has not convinced us that the subsequent actions by the agency were arbitrary, capricious or abuses of agency discretion.
"In reaching this conclusion, we have not considered those materials put forward by plaintiff in this court which were not in the administrative record. While plaintiff is correct concerning the standard of de novo review followed by this court, we have steadfastly refused to consider evidence which may have been withheld by plaintiff at lower levels of the process in hopes of overwhelming the defendant with new evidence here. See, e.g., Cohen v. United States, 212 Ct.Cl. 568 (1977). Plaintiff has made no showing that his newly submitted evidence was in any way newly discovered or unavailable to him at the time of his administrative appeals.
"For the above reasons, we agree with the defendant that plaintiff, on the submissions properly before this court, has failed to prove ■ any action by the defendant which was arbitrary or capricious , or would have constituted an abuse of discretion.
"it is therefore ordered, upon consideration of the briefs and exhibits of the parties, and after oral argument, that defendant’s motion for summary judgment and motion to strike certain of plaintiffs exhibits are granted. Plaintiffs cross-motion for summary judgment is denied, and plaintiffs petition is dismissed.”