The above case is before the court on cross-motions for summary judgment. Plaintiff, a former employee of the National Aeronautics and Space Administration (NASA), was separated in a purported reduction in force (RIF). He appealed to the Federal Employee Appeals Authority (FEAA) contending, among other things, that his removal was in reality an adverse action in which required procedures for such actions were not followed. The FEAA affirmed the agency action. It took the position that the purported RIF was bona fide and therefore no appellate review was required. The then Appeals Review Board denied plaintiffs request to reconsider the FEAA decision.
Plaintiff petitioned here, and subsequently, without objection by defendant, deposed four NASA employees pursuant to the Rules of this court. This material is not properly for our consideration in passing on the cross-motions. Cohen v. United States, 212 Ct.Cl. 568, 572 (1977). We are unable to say that it fails to raise other than frivolous issues, however, as to whether the purported RIF was really an *665 adverse action. We regard it as tantamount to newly discovered evidence. Defendant suggests a remand to the Merit Systems Protection Board (MSPB) if we so regard that evidence.
It is clear at least that plaintiffs supervisor was dissatisfied with plaintiffs work. This is a case of a decision by an agency, engaged largely in scientific research, to cease pursuing a project .on the ground that funds are not unlimited and other projects would tend more to further the agency mission. There was no drastic or any cut in agency funds such as we usually associate with RIF action. The project had occupied the time of but a single scientist, the plaintiff. The conclusion was drawn to terminate his employment, and his alone, as other uses of his talents were not immediately perceived as fundable. A feeling that the project was not a worthy contender for financial support, because it was not getting anywhere, and a feeling that the incumbent scientist personally was not producing, seemingly were inextricably mixed, and we have no doubt that supervisors trained in science rather than the law or personnel administration, are often unable to differentiate clearly and sharply between one feeling and the other. Where the scientist as here, insists on enforcing his procedural rights, and they are different depending on whether the action affecting him is perceived as a RIF or an adverse action, we see no escape from the necessity for a most careful and sensitive study of the case by the agency that administers the government’s personnel program. Looking beyond the instant case, it could be that there is a need for regulation focused on this specific problem.
Accordingly, after briefing and oral argument, the cause is remanded to the MSPB with directions to consider the new evidence and conduct such proceedings as it deems proper. The cross-motions are denied without prejudice to renewal if the MSPB does not dispose of the case. Further proceedings in this court are suspended. Counsel for plaintiff is directed to report to this court at 90-day intervals on the progress of the case in the MSPB. See Rule 149.
IT IS SO ORDERED.