RICHARD E. WILSON CORP.

v.

The UNITED STATES.

No. 318–82C.

United States Claims Court.

Dec. 21, 1983.

Marvin H. Margolies, Boston, Mass., for plaintiff.

Thomas W.B. Porter and Marsha D. Peterson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This case is before this Court on defendant's motion for summary judgment with oral argument. Plaintiff, Richard E. Wilson Corporation, seeks to recover $8,120 in liquidated damages assessed against it by the defendant United States pursuant to the Contract Work Hours and Safety Standards Act (CWHSSA), 40 U.S.C. § 327, *et seq.* (1976) as a penalty for violating provisions of this Act and of the Davis-Bacon Act (DBA), 40 U.S.C. § 276a, *et seq.* (1976). The defendant contends that the plaintiff's claim is barred by the statute of limitations and that, alternatively, the decision of the Secretary of the Army in assessing liquidated damages is supported by substantial evidence.

### Facts

Plaintiff is a federal contractor who was awarded two contracts by the United States Army to replace roofing and to perform related tasks on structures at Ft. Devens, Massachusetts. Contract No. DAKF31–80–C–0119 was awarded on May 12, 1980 in the amount of $309,975 and was later modified to $344,604. Contract No. DAKF31–80–C–0221 was awarded on September 27, 1980 in the amount of $24,225. Both contracts were subject to provisions of the DBA, which requires the payment of prevailing wage rates on federal contracts, and of CWHSSA, which requires payment of time and one half for overtime worked on federal contracts.

An investigation by the Department of Labor (DOL) revealed willful DBA and CWHSSA violations during plaintiff's performance of both contracts. Plaintiff was found to have underpaid some of its employees, in violation of the DBA, by deliberately misclassifying them as laborers when they were performing higher paying roofing and carpentry tasks. Plaintiff was also found to have violated the CWHSSA by intentionally falsifying the number of hours worked on its payroll reports, thereby underpaying employees for work performed in excess of eight hours per day or forty hours per week. In addition, plaintiff hired A.A. Abbe Roofing and Skylight Co. to assist in completing contract 0119 for the period of September 11–24, 1980 without submitting payroll reports.

On August 19, 1980, two representatives of DOL met with the plaintiff to review the plaintiff's payroll records and to explain DOL's investigative findings and position on the DBA and CWHSSA violations. Following this meeting, plaintiff submitted time records which were incomplete and inconsistent with certified payrolls. On November 19, 1980, DOL representatives again met with the plaintiff and its counsel to review the findings and applicable statutes. Because plaintiff failed to maintain complete and accurate records, the DOL reconstructed hours worked and determined the proper prevailing wage for each classification of work performed to compute back wages due under DBA and CWHSSA. At a meeting with the defendant on March 11, 1981, plaintiff submitted additional wage and hour information. After reviewing this information another meeting was held on June 8, 1981, and DOL representatives presented plaintiff with a revised and reduced summary of back wages due one subcontractor's employees. The plaintiff paid $22,017.84 for back wages and overtime pay due under DBA and CWHSSA on July 14, 1981.

In a letter dated October 14, 1981, DOL advised the Army that plaintiff had made full restitution and asked the Army's recommendations on debarment and for a decision on the DOL's assessment of liquidated damages. Pursuant to 40 U.S.C. § 330(c) (1976), the Army contracting officer wrote to the plaintiff on December 23, 1981, outlining the investigative findings of DOL, which he had adopted, and requested plaintiff's rebuttal or acceptance of these findings. In addition, plaintiff was notified that DOL had assessed $8,120 in liquidated damages for labor violations on both contracts, with which the contracting officer concurred. Plaintiff responded by letter dated January 7, 1982, denying any admission of liability for which liquidated dam-

ages could be assessed and indicated that it would appeal administratively to the Armed Services Board of Contract Appeals. The Army contracting officer responded by informing plaintiff by letter dated January 19, 1982 of its right to request that the basis for the contracting officer's findings be made available to it and the right to submit written or oral rebuttal information if it disagreed with these findings. In the plaintiff's written response, dated January 25, 1982, plaintiff again denied any admission of liability, disagreed with any assessment of liquidated damages and requested that it be sent the proper forms to enter an administrative appeal. Plaintiff did not request a copy of the contracting officer's findings or raise any new issues or defenses in rebuttal to the DOL's findings.

On April 14, 1982, Major Ronald S. Frankel, representing the Secretary of the Army, informed the DOL that the Army would assess liquidated damages. The letter set forth the findings underlying the decision, and plaintiff's rebuttal of the alleged violations was included therein. The Army found that the plaintiff intentionally misclassified its employees, underpaid them, and caused them to work overtime without the proper premium compensation, in direct violation of the DBA and CWHSSA. Pursuant to 40 U.S.C. § 330(c), the final order of the Secretary of the Army affirming the contracting officer's determination of $8,120 in liquidated damages was issued on April 19, 1982. Plaintiff appealed this decision on July 2, 1982 by filing its complaint in this Court. This Court holds for the defendant, finding that the plaintiff's claim is barred by the statute of limitations and, alternatively, that the decision of the Secretary of the Army in assessing liquidated damages is supported by substantial evidence.

*Statute of Limitations*

In its opposition brief, the plaintiff did not address the defendant's contention that its claim is barred by the statute of limitations. At the hearing on defendant's motion before this Court, the plaintiff argued only that the statute of limitations should, for equitable reasons, begin to run from the time of receipt of the final notice, without offering any authority in support of this contention.

The applicable statute of limitations provides that where a contractor has been aggrieved by a final order for the withholding of liquidated damages, such contractor may "within sixty days after such final order" file a claim for relief in this Court. 40 U.S.C. § 330(c). The final order assessing liquidated damages was issued by the Assistant Secretary of the Army on April 19, 1982. Plaintiff was notified of the order by letter dated May 7, 1982 and received on May 10, 1982. Plaintiff did not file its complaint until July 2, 1982, 74 days after the issuance of the final order.

█ This Court has consistently held that the statutes of limitations are jurisdictional and are strictly construed. *Parker v. United States,* 2 Cl.Ct. 399, 402 (1983) (Nettesheim, J.); *Ellis v. United States,* 1 Cl.Ct. 141, 143 (1983) (Margolis, J.); *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). *See* also *Coleman v. Department of the Army,* 652 F.2d 69 (Ct.Cl. March 3, 1981). Such statutes are conditions placed on the sovereign's consent to suit and must be narrowly read in the sovereign's favor. *Ramos v. United States,* 683 F.2d 396, 397–98 (Ct.Cl.1982). Moreover, plaintiff's interpretation of section 330(c) is unpersuasive. When Congress intends for a statute of limitations to run from the date of receipt of notice of a final order, it will so state. *See, e.g.,* 5 U.S.C. 7703(b)(1) (Supp. V 1981). Finally, plaintiff has presented no evidence suggesting that the statute of limitations was either tolled or deferred. In the absence of such evidence, plaintiff's claim is clearly barred by the statute of limitations.

*Failure to Raise Claims at the Administrative Level*

█ Additionally, the plaintiff cannot pursue its claims before this Court because it failed to raise them at the administrative

level. Generally, this Court has refused to consider evidence and arguments which might have been presented at lower administrative proceedings, but were not, and are subsequently raised here for the first time. *Inland Service Corp. and Weldon Smith v. United States,* No. 437–81C (Ct.Cl. Sept. 10, 1982); *Leefer v. United States,* 578 F.2d 1388, 215 Ct.Cl. 1061, 1062 (1978). This general rule applies unless exceptional or particular circumstances are shown to persuade the Court otherwise. *Haynes v. United States,* 190 Ct.Cl. 9, 13, 418 F.2d 1380, 1383 (1969). Such circumstances are not present in this case. Here, the plaintiff negotiated a settlement and made full restitution of back wages due. It did not contest the assessment of liquidated damages through the pursuit of available administrative avenues. Furthermore, plaintiff did not present any evidence to the Secretary of the Army in support of its claims that any violations were inadvertent notwithstanding the exercise of due care, that procedural errors were made by the contracting officer, or that no violations had in fact occurred. The only administrative challenge made by the plaintiff against the assessment of liquidated damages was its statement to the Secretary of the Army that its payment of back wages was not an admission of liability. Plaintiff offers no explanation for its failure to assert and support its claims at the administrative level. Accordingly, this Court cannot consider the unsupported arguments plaintiff attempts to raise here for the first time.

### The Army's Decision is Based on Substantial Evidence

█ Furthermore, the Secretary of the Army's decision affirming assessment of liquidated damages is based on substantial evidence and is entitled to finality. Section 330(c) provides that the Secretary of the Army's final orders are entitled to finality with respect to findings of fact if such findings are supported by substantial evidence. Relief is to be granted to the contractor by the Secretary only if the liquidated damages are found to be incorrectly computed, or if he is able to show that he violated the Act inadvertently notwithstanding the exercise of due care on his part and that of his agents. 40 U.S.C. § 330(c). The plaintiff does not address defendant's claim that the Secretary's decision to affirm assessment of liquidated damages is based upon substantial evidence and is entitled to finality. Plaintiff merely alleges, without further substantiation, that it has not intentionally or otherwise violated DBA or CWHSSA, that the back wages paid were not an admission of liability, and that the contracting officer failed to comply with the requirements of CWHSSA. Plaintiff does not contend that the liquidated damages were improperly computed under the formula provided in 40 U.S.C. § 328(b)(2) (1976).

Faced with the factual findings of the DOL's investigation, the affirmation of these findings by the Army contracting officer, and the absence of any evidence showing inadvertence by the plaintiff notwithstanding the exercise of due care, the Secretary was justified in refusing to grant a remission of liquidated damages. *Inland Service Corp. and Weldon Smith v. United States,* No. 437–81C, slip op. at 6. In addition, a presumption of regularity supports the official acts of public officers and in the absence of clear evidence to the contrary, it must be presumed that they have properly discharged their official duties. *P. Francini & Co., Inc. v. United States,* 2 Cl.Ct. 7, 11 (1983) (White, S.J.).

█ Finally, the only argument plaintiff offers in opposition to the defendant's motion for summary judgment is the unsupported assertion that there is a dispute of material facts. The supporting affidavit by plaintiff's counsel states only that no liability for which liquidated damages could be assessed was ever admitted by the plaintiff. Furthermore, the only evidence plaintiff offers this Court as support for its request for a trial on the issue of liquidated damages are the bare assertions that any violations were inadvertent notwithstanding the exercise of due care and that no liability was ever admitted. To allow a trial on such bare assertions by the plaintiff

would be contrary to RUSCC 56(e) in that plaintiff has failed to "set forth specific facts showing that there is a genuine issue for trial." *DeRoche v. United States,* 2 Cl.Ct. 809, 813 (1983) (Margolis, J.) Formal denials or general allegations which do not show facts in detail and with precision are insufficient to prevent the award of summary judgment. *Hartwig v. United States,* 202 Ct.Cl. 801, 811, 485 F.2d 615, 620 (1973); *Royal Indemnity Company v. United States,* 178 Ct.Cl. 46, 51–52, 371 F.2d 462, 465 (1967), *cert. denied,* 389 U.S. 833, 88 S.Ct. 33, 19 L.Ed.2d 93 (1967).

Accordingly, defendant's motion for summary judgment is granted, and plaintiff's complaint will be dismissed.