John A. KELLUS, Jr.

v.

The UNITED STATES.

No. 523–85C.

United States Claims Court.

Nov. 3, 1987.

Peter B. Broida, Washington, D.C., attorney of record, for plaintiff. Passman & Broida, Washington, D.C., of counsel.

Stephen J. McHale, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, attorney of record, for defendant.

## MEMORANDUM OPINION

LYDON, Senior Judge:

In this civilian pay case, plaintiff, having successfully appealed his removal from the Federal service to the Merit Systems Protection Board (MSPB or Board), challenges certain determinations by the Board relative to the scope of relief provided him by the Board. Specifically, plaintiff contests the Board's refusal to direct (1) that he be given a retroactive promotion, (2) additional and/or different work assignments, and (3) attorney fees.[1]

In his complaint, plaintiff seeks "judicial review" of the actions of the Board and the Postal Service. Defendant first moved to dismiss the complaint on the ground that the court lacks subject matter jurisdiction over plaintiff's claims, and thereafter again moved, in the alternative, for summary judgment on the ground there were no material issues of fact in dispute and defendant was entitled to dismissal of the complaint as a matter of law. Plaintiff opposes both of defendant's motions, contending the court has subject matter jurisdiction over his claims and that summary judgment is inappropriate since genuine issues of fact are in dispute.

In his complaint, plaintiff sought judicial review of the Board actions, a pleading inconsistent with the position taken in his opposing brief of claimed entitlement to a *de novo* trial. However, plaintiff does state in his brief that in the event jurisdic-

tion is granted for judicial review purposes only, the Board's decision is, in plaintiff's view, arbitrary and capricious and unsupported by substantial evidence on the Board record. The court views the posture of this case, assuming jurisdiction, as before the court for judicial review of the Board decision. Plaintiff is not entitled to a *de novo* trial on the matter.

Upon careful consideration of the submissions of the parties and oral argument, the court concludes that defendant's motion to dismiss and/or for summary judgment should be granted.

### Facts

Plaintiff is currently employed by the United States Postal Service as a GS (or level)–5 Distribution Clerk. He was removed from that position on January 25, 1978. The Civil Service Commission (CSC) upheld his removal on April 28, 1978. However, the CSC later reopened and reconsidered the matter at the request of the plaintiff. The matter was thereafter set down for a hearing.[2] At some point in the proceedings, the CSC, under the Civil Service Reform Act of 1978, was redesignated the MSPB. 5 U.S.C. § 1101, Reorganization Plan No. 2 of 1978, 43 F.R. 36037, 92 Stat. 3783 (1982).

On January 28, 1981, the Chicago Field Office of the MSPB reversed plaintiff's January 25, 1978 removal and recommended "that the agency cancel the action and correct its records to show the [plaintiff] in a duty and pay status from [January 25, 1978]." The Field Office decision noted that its decision constituted the authority of the Postal Service to take the recommended action. The Postal Service filed a timely request with the MSPB to

---

1. The events giving rise to this litigation occurred before the effective date of the Civil Service Reform Act of 1978 (90 days after October 13, 1978), 5 U.S.C. § 1101 (1982). Thus, the Act became effective January 11, 1979. As a result, this court has jurisdiction over plaintiff's appeal. Plaintiff initially appealed the Merit Systems Protection Board (MSPB or Board) decision to the United States Court of Appeals for the Federal Circuit. On August 19, 1985, the Federal Circuit transferred the case to this court pursuant to 28 U.S.C. § 1631 (1982). *See Kyle v. I.C.C.*, 609 F.2d 540, 541–43 (D.C.Cir.1980).

2. The Appeals Review Board of the Civil Service Commission (CSC) found that the regional Employee Appeals Authority of the CSC erred in assuming that plaintiff had waived his right to a hearing.

reopen and reconsider the decision of the Board's Chicago Field Office.

In light of the January 28, 1981 decision, the Postal Service temporarily restored plaintiff to the position from which he had been removed while it pursued its appeal rights to the MSPB. On January 4, 1984, the MSPB denied the Postal Service's request to reopen the Regional Office (Chicago Field Office) decision. The January 4, 1984 Opinion and Order stated that the January 28, 1981 decision of the Regional Office was now the final decision of the MSPB and the Postal Service was ordered to cancel plaintiff's removal action. As a result of this decision, plaintiff's temporary status pending appeal dissolved and plaintiff's employment status as a GS (level)-5 Distribution Clerk was designated permanent back to January 25, 1978.

On February 28, 1984, plaintiff petitioned the MSPB to enforce full compliance with the Board's January 4, 1984 Order. A hearing on this compliance request was held on January 8, 1985 by the Chicago Regional Office of the MSPB.

In his compliance petition, plaintiff alleged that: (1) the agency had not authorized the back pay due to him; (2) the agency had not credited his leave records with annual and sick leave he would have earned but for the improper removal; (3) the agency had failed to take the necessary steps to establish his entitlement to health benefits under the Federal Employee Health Benefits program for the time he was unemployed; (4) the agency had failed to correct its records to reflect his correct seniority date; (5) the agency had failed to promote plaintiff into higher level positions to which he alleged he was entitled; and (6) the agency had not properly assigned him duties. Plaintiff also requested an award of attorney fees.

The Regional Office issued various *Findings Of Non Compliance by the Postal Service* and *Findings Of Compliance by the Postal Service* in an Opinion And Recommendation To The Board dated January 11, 1985. Under *Findings Of Non Compliance*, the Regional Office found that the Postal Service was required to afford plaintiff back pay for the period January 25, 1978, until March 6, 1981; that the Postal Service was required to correct its records to reflect health benefits coverage for plaintiff for the period January 25, 1978, until March 6, 1981; and that the Postal Service was required to correct plaintiff's service computation date to March 6, 1974. Under *Findings Of Compliance*, the Regional Office found that plaintiff had no absolute right to a promotion to two positions in question, that the Postal Service had properly assigned him duties and responsibilities consistent with his position, and that plaintiff could not recover attorney fees.[3] The January 11, 1985 decision of the Regional Office advised plaintiff that he could petition the MSPB for review of those issues in which the Postal Service was found to be in compliance. Thereafter, plaintiff requested the MSPB to reopen and reconsider the January 11, 1985 decision on those issues. This request was denied by the MSPB on April 15, 1985, as a result of which the January 11, 1985 Regional Office decision became the final decision of the Board on the matter.

*Discussion*

A. *Jurisdiction*

Defendant's motion to dismiss is grounded on the contention that this court lacks jurisdiction to adjudicate plaintiff's claim for a retroactive promotion and his claim based on failure to receive assignments commensurate with his position as a distribution clerk with the Postal Service.

 It is settled that the ability of this court, as was the case with our predecessor

3. In denying attorney fees, the Board noted that entitlement to an award of attorney fees from the Board was a right established by the Civil Service Reform Act of 1978, *supra,* 5 U.S.C. § 7701(g) (1980). The Board observed that there was no comparable provision based on improper personnel actions initiated prior to the effective date of that Act. Since the Act, the Board reasoned, excludes provisions thereof from being applied to prior actions, and since the Board was not aware of any statutory authority whereby plaintiff could claim entitlement to an award of attorney fees, the Board denied plaintiff's request for the same.

court, to promote a government employee and award back pay relative thereto is most circumscribed. *Qualls v. United States,* 230 Ct.Cl. 534, 538, 678 F.2d 190, 195 (1982). This court is "not empowered to promote a government employee to a higher grade, or to grant an employee judgment for the pay of a higher grade, unless the employee can clearly show a legal entitlement to such a remedy based upon a statutory provision or regulation." *Id.* 230 Ct.Cl. at 542–43, 678 F.2d at 195. Reinstatement to his former position is all plaintiff was entitled to under existing statutes and regulations. Reinstatement rights do not include promotions. *Boese v. Department of Air Force,* 784 F.2d 388, 390 (Fed.Cir.1986). Moreover, since plaintiff asserts a right to a position to which he was not appointed, the court lacks jurisdiction over such a claim. *Smith v. United States,* 228 Ct.Cl. 168, 171, 172, 654 F.2d 50, 52 (1981). Plaintiff has not directed the court's attention to any statutory or regulatory provision which shows he is entitled to a retroactive promotion under the circumstances of this case.[4] Moreover, the facts found by the MSPB establish that plaintiff's contention that he would have been promoted but for his unlawful removal is "only speculation." Plaintiff's efforts to frame his entitlement to retroactive promotion as contractual in nature, based on the labor agreement between the AFL–CIO and the Postal Service is unavailing. *See McPherson v. United States,* 2 Cl.Ct. 670, 673 (1983). While the Postal Service had a contract with the AFL–CIO union, of which plaintiff ostensibly is a member, the Postal Service had no contract with plaintiff sufficient to support jurisdiction of his claim under 28 U.S.C. § 1491 (1982).

Under the circumstances, the court lacks jurisdiction to adjudicate plaintiff's claim for retroactive promotion.

■ Likewise, the court is without jurisdiction to consider plaintiff's claim relating to the failure of the Postal Service to assign him duties which he feels his position as a distribution clerk deserves. Claims of this type have been held to be beyond the jurisdiction of this court. *United States v. Testan* 424 U.S. 392, 403–04, 96 S.Ct. 948, 955–56, 47 L.Ed.2d 114 (1976). For claims relating to duty assignments such as presented by plaintiff, there is no remedy in this court for money damages attendant thereto. *Id.* While plaintiff argues he has not been reinstated to duties commensurate with his grade and level, the MSPB has found that there was compliance by the Postal Service in this regard. To the extent that the Back Pay Act is relied upon by plaintiff for jurisdictional purposes, assuming the Act to be applicable to the Postal Service, there has been compliance therewith.

■ Finally, the jurisdictional basis for plaintiff's claim for attorney fees is cloudy. In his complaint, plaintiff claims

4. Plaintiff argues that pursuant to a labor agreement between the Postal Service and the AFL–CIO, promotions in craft positions were announced, posted, filled from qualified candidates, and, when the qualifications of candidates were equal, filled on the basis of seniority. Plaintiff seeks retroactive promotions which he claims he would have received had he not been improperly removed. Plaintiff contends that if he had been correctly credited with seniority, he would have been selected for these promotions. Further, plaintiff claims he was denied other promotions because of lack of experience due to the fact the Postal Service failed to give him regular job assignments and training. Plaintiff's reliance on the Back Pay Act, 5 U.S.C. § 5596 (1982) as a jurisdictional foundation for his promotion claim is misplaced. It has been held by the Fourth Circuit that the Back Pay Act does not apply to the Postal Service. *White v. Bloomberg,* 501 F.2d 1379, 1381 n. 2 (4th Cir. 1974). *See* 5 U.S.C. §§ 101, 104, 105 (1982). *See also Frazier v. Postal Service,* 26 M.S.P.R. 584, 585 (1985). The Federal Circuit pretermitted deciding the question as to whether the Back Pay Act is applicable to Postal Service employees. *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). However, it seems clear that the Back Pay Act "does not, in and of itself, authorize a suit in this court." *Montalvo v. United States,* 231 Ct.Cl. 980, 982 (1982). In any event, there has been no determination by an appropriate authority, as required by the Back Pay Act, that plaintiff was entitled to retroactive promotion. *See id.* Before plaintiff can invoke the Back Pay Act, he must first demonstrate that the failure to provide him with retroactive promotion violated an applicable statute or regulation. *Id.* This, plaintiff has failed to do.

entitlement to attorney fees under the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. § 2412 (Supp. III 1985) (EAJA). Plaintiff's claim for attorney fees for administrative proceedings under the EAJA is misplaced. The EAJA does not apply to administrative proceedings involving tenure. *Olsen v. Department of Commerce, Census Bureau,* 735 F.2d 558 (Fed. Cir.1984). The case at bar centers on plaintiff's unlawful removal and alleged ramifications as a result thereof. Accordingly, plaintiff has not cited to an applicable jurisdictional basis for its claim for attorney fees. Since plaintiff was removed from his position on January 25, 1978, prior to the effective date of the Civil Service Reform Act, *supra,* he cannot rely on the Back Pay Act attorney fee provisions which do not apply to pre-Civil Service Reform Act actions. *Hong–Yee Chiu v. United States,* 6 Cl.Ct. 18, 23 (1984), *aff'd* 770 F.2d 180 (Fed.Cir.1985). Accordingly, there is no jurisdictional basis for plaintiff's attorney fee claim. The court is without jurisdiction to award attorney fees against the United States without specific statutory authority to do so. *Nibali v. United States,* 225 Ct.Cl. 8, 13, 634 F.2d 494, 496 (1980).

There is arguable merit to defendant's motion to dismiss plaintiff's complaint on jurisdictional grounds. However, jurisdictional determinations are sometimes weak foundations on which to dispose of litigation. *See United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984) and *Gilmore v. United States,* 6 Cl.Ct. 323, 325–27 (1984) *aff'd without opinion,* 765 F.2d 163 (Fed.Cir.1985). *See also Dunn v. United States Dept. of Agriculture,* 228 Ct.Cl. 129, 133, 654 F.2d 64, 67 (1981) (Court of Claims, now Claims Court, has no jurisdiction to review a decision of MSPB unless plaintiff has underlying claim for monetary relief). Accordingly, the court deems it prudent to address the validity of the administrative decision which is the focus of the complaint in this case. The court will now consider defendant's alternative motion for summary judgment.

## B. *The MSPB Decision*

Defendant's alternative motion for summary judgment rests on the contention that the MSPB's decision on the claims now presented by plaintiff in his complaint is entitled to finality since said decision is not arbitrary or capricious, is supported by substantial evidence, and is not otherwise in violation of any applicable statute or regulation. Before the Board, plaintiff argued that the Postal Service failed to comply fully with the MSPB's determination that plaintiff be restored to his position as a GS (level)–5 Distribution Clerk and receive appropriate back pay for the period of his unlawful removal (Jan. 25, 1978— March 25, 1981),[5] plus appropriate credit for annual and sick leave he would have earned but for the improper removal, entitlement to paid health benefits under the Federal Employee Health Benefits program for the time he was unemployed during the unlawful removal period, and correction of Postal Service records to reflect his correct seniority date.[6] The MSPB found the Postal Service to be in noncompliance with respect to the above matters and the Postal Service thereafter complied and these matters are not issues in this litigation.

The Board, however, rejected plaintiff's claims that the Postal Service was in a noncompliance status with the prior Board order in the following respects: (1) the Postal Service refused to promote plaintiff into higher level positions he alleged entitlement to; and (2) the Postal Service assigned him duties inappropriate for his official responsibilities as a Distribution Clerk, pay level GS–5. In addition the plaintiff requested the Board to award at-

---

**5.** The Board found that since plaintiff was simply not ready and willing to work for reasons personal to him, the date March 6, 1981, when the Postal Service notified him to report for duty, was the correct termination date for back pay computation purposes. March 25, 1981 was the date plaintiff actually returned to work.

**6.** The Board found that plaintiff was referring to his service computation date not his "seniority" date.

torney fees. The plaintiff's complaint challenges the Board's denial of the above claims.

Plaintiff first contends that summary judgment is inappropriate in this case because there are disputed questions of material fact which preclude the granting of summary judgment. The correct posture of this case, however, is judicial review of an administrative board decision. Under such circumstances, summary judgment is an appropriate approach to test the legal and factual sufficiency of the administrative decision. As a result, as indicated previously, plaintiff is not entitled to a *de novo* trial on these claims. *See Long v. United States*, 12 Cl.Ct. 174, 177 (1987); *Pine v. United States*, 178 Ct.Cl. 146, 149–50, 371 F.2d 466, 468 (1967). In any event, trial *de novo* is not permitted in removal cases where there is no showing, which is the case here, that newly discovered evidence exists which was unavailable at the time of the Board hearing. *See Staton v. United States*, 228 Ct.Cl. 797, n. 2 (1981); *Leefer v. United States*, 215 Ct.Cl. 1061, 1062, 578 F.2d 1388 (1978); *Cohen v. United States*, 212 Ct.Cl. 568, 572, 553 F.2d 104 (1977). There is no evidence that plaintiff was prevented or precluded from obtaining information or evidence from the Postal Service supportive of his claims. Plaintiff argues that no formal Board discovery rules existed at the time of his hearing. However, plaintiff's counsel seemingly conceded at oral argument that plaintiff did not make any informal discovery requests of the Postal Service at that time.

In the alternative, plaintiff seeks review of the decision of the MSPB. Thus, plaintiff and defendant have locked horns on the viability of the Board decision. Plaintiff claims the MSPB decision is arbitrary and capricious and not supported by substantial evidence. Defendant argues to the contrary.

It is established that judicial review of administrative actions in the civilian pay area is generally limited. *Staskus v. United States*, 1 Cl.Ct. 633, 636 (1982) *aff'd* 723 F.2d 68 (1983) and cases cited therein. This court does not sit as "a super Civil Service Commission." *Id.* The standard of review of an MSPB decision utilized by the Federal Circuit is an appropriate standard for this court to follow in reviewing a MSPB decision. Under that standard, the court must sustain a MSPB decision unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Bacon v. Department of Housing and Urban Development*, 757 F.2d 265, 268 (Fed.Cir.1985). *See Phillips v. United States Postal Service*, 695 F.2d 1389, 1390 (Fed.Cir.1982); *Kochanny v. Bureau of Alcohol, Tobacco & Firearms*, 694 F.2d 698, 700 (Fed.Cir.1982). *See also Benton v. United States*, 6 Cl.Ct. 781, 785–86 (1984).

### C. *Promotion*

The court starts with the proposition that a restoration order by an appropriate body, after a finding of improper removal, does not inherently entitle the restored employee to a promotion absent existing statutes and regulations. It has been held that the Back Pay Act does not include promotion as an automatic restoration right. *Boese v. Department of Air Force, supra*, 784 F.2d at 390. Further, it seems settled that promotion is a discretionary right of the agency and should not be the concern of a court except under the most compelling of circumstances. *Qualls v. United States, supra.*

Before the Board, plaintiff alleged that the Postal Service had not promoted him to any of a number of higher level positions to which he would have been entitled had the improper removal not been taken against him. This claim, before the Board, was factual in nature. The Board noted that plaintiff had identified two positions that he bid on but had not been selected. Plaintiff argued before the Board that the two employees selected had been provided training in those positions prior to their selection and that this training occurred when he was off the duty rolls during the

improper removal period. Had he been on the duty rolls during this period, plaintiff argues, he could have filed a grievance if he failed to be provided like training. The Board observed that plaintiff did not allege or show, however, that he would have been afforded training in place of either of the two individuals selected for the positions.

The Board noted that at the time of the hearing there were some 176 Distribution Clerks in the Post Office where plaintiff worked with more seniority than plaintiff. It was conceded that selections for the positions he applied for were made on a "best qualified" basis. From these facts, the Board reasonably concluded that plaintiff had no absolute right to either of the two positions he earmarked he was entitled to receive. The Board concluded it would be "only speculation" to believe plaintiff might have been selected for these positions if he had not been unlawfully removed. The Board concluded that the fact plaintiff was not promoted was not evidence of an act of noncompliance by the Postal Service relative to the Board's order that he be restored to the position from which he had been improperly removed.

▮ In his challenge to the Board's decision, plaintiff's arguments do not overcome the "only speculation" conclusion that reasonably attaches thereto. Plaintiff relies on his testimony before the Board relative to job promotion opportunities he was not allowed to compete for. He argued before the Board, as he argues now, that had he not been removed from his position on January 25, 1978, he would have been able to compete for approximately 100 positions at a level higher than GS–5, and he would have received additional training and experience which would have made him the best qualified thus assuring his promotion to one of these positions. Plaintiff argues his testimony before the Board was unrefuted and thus must be accepted by the Board. However, unrefuted testimony need not be accepted at face value where it is speculative or intrinsically nonpersuasive. *Sternberger v. United States*, 185 Ct.Cl. 528, 535–36, 401 F.2d 1012, 1016–17 (1968). The Board's finding

that plaintiff's claim that he would have been selected for one of the positions to which he claimed entitlement was "only speculation" reflects its assessment of the totality of plaintiff's testimony together with other evidence and its judgment on the credibility of plaintiff. *See id.* There is nothing in the Board record, nor is there anything in plaintiff's brief, nor in his suggestion for a trial *de novo*, nor anything presented at oral argument that wipes out the speculative nature of his claim that he would have been promoted but for his improper removal. The Board's decision in this regard has not been shown to be arbitrary, capricious, unsupported by substantial evidence or in violation of any applicable statute or regulation.

### D. *Assignment of Duties*

▮ In his complaint, plaintiff asserts that after his reinstatement plaintiff should have but did not receive assignments commensurate with his position as a distribution clerk (complaint ¶ 17). Before the Board plaintiff asserted that he was not working the duties of the position to which he was assigned. This claim before the Board was essentially factual.

Plaintiff claimed before the Board that while he was assigned to distribute mail on schemes 01, 07 and 04, he was seldom assigned work in those schemes and thus did not have the opportunity to maintain proficiency in those schemes. Further, plaintiff contended that he was assigned fewer hours, less than 30 hours work experience per month, than other less senior employees on the 04 scheme. Those same arguments, in essence, are set forth as a claim in plaintiff's complaint wherein plaintiff concludes that he had not been reinstated to duties commensurate with his grade and level following his reinstatement in March 1981.

Plaintiff claimed before the Board that while he was assigned to distribute mail on schemes 01, 07 and 04, he was seldom assigned work on them. Yet, he contended, the Postal Service could require him to pass a proficiency test on any of the three schemes at any time. The Board found

that plaintiff had filed a grievance on this matter at some time prior to May 27, 1982. The Union pursued the grievance for plaintiff and it was resolved by plaintiff being furnished written notice that he no longer was officially assigned the 01 and 07 schemes. There was also testimony, cited by the Board in its opinion, by a Postal Superintendent that records maintained by him showed that plaintiff was given the required 30 hours of work experience every four weeks on the 04 scheme.

Before the Board, plaintiff did not allege that the Postal Service had not restored him to a position of like pay, grade and responsibilities as the one from which he was removed. Rather, he claimed, before the Board, that he should not be required to maintain proficiency on schemes he does not regularly work. The Board found that this claim had long since been resolved by the grievance procedures. The Board found, on the testimony before it, that the plaintiff's responsibilities were the same as those required of any PS-5 (GS-5) Manual Distribution Clerk employed in plaintiff's section. It further found that plaintiff did not establish that the Postal Service failed to comply with the Board's restoration order by assigning him inappropriate duties and responsibilities.[7]

Plaintiff, in his opposition brief to defendant's motion for summary judgment, does not specifically address the Board's decision on the assignment of duties claim. The court cannot find any arbitrary or capricious action by the Board in its determinations on plaintiff's assignment of duties claim. Nor is there any indication that the Board decision in this regard was lacking in substantial evidence or otherwise in conflict with applicable statutes or regulations.

### E. Attorney Fees

The question of attorney fees is essentially a question of law. Defendant, in its motion for summary judgment, and in its motion to dismiss, points out that the Board correctly denied plaintiff's application for attorney fees because there was no statutory basis, or any other basis for that matter, authorizing the Board to award plaintiff attorney fees. This matter was discussed previously under Part A of this memorandum opinion. Plaintiff, in its brief in opposition to these motions, does not discuss the question of entitlement to an award of attorney fees, nor does he respond to defendant's arguments against such an award, nor does he challenge the Board's reasons for refusing to award him attorney fees. The court concludes that the Board's dismissal of plaintiff's request for an award of attorney fees is correct as a matter of law. *See Olsen v. Department of Commerce, Census Bureau, supra* [EAJA does not apply to proceedings before the MSPB in cases involving tenure]; *Hong–Yee Chiu v. United States, supra.* [Back Pay Act amendments, effective January 1979, allowing award of attorney fees, not applicable to administrative proceedings then pending, or any appeals there-

---

7. Plaintiff does allege in his brief that he was carried in a temporary duty status from the time of his reinstatement on March 25, 1981 until January 11, 1985 and that this temporary status prevented him from competing for work assignments and promotional opportunities. Plaintiff further alleges that placement of him in a temporary duty status at that time continues to deprive him of work assignment and promotional opportunities at the present time. These allegations are in conflict with the Board's factual determinations. The materials before the court suggest that plaintiff specifically failed to present this temporary status argument to the Board. The Board's failure to mention the plaintiff's temporary status in its discussion of this issue at pp 4–5 of its January 11, 1985 Opinion although it mentions his reinstatement on a temporary basis pending appeal of that decision to the MSPB, at p 1 and 2 of said opinion supports this suggestion. If this is so, then plaintiff has failed to exhaust his available administrative remedies on the issue and the court is free to disregard it at this time. *See Grover v. United States,* 200 Ct.Cl. 337, 345–47 (1973); *Pine v. United States,* 178 Ct.Cl. 146, 149–50, 371 F.2d 466, 468 (1967). In any event, the Board's conclusion, which has not been shown to be wrong in any way, that the Postal Service committed no error, legal or otherwise, in its assignment of duties to plaintiff after reinstatement shows that plaintiff's temporary status had no effect on his work assignments. To the extent that a trial is required on this matter, as claimed by plaintiff, the matter would have to be remanded back to the Board. The Board should determine matters of this kind in the first place, not the court.

from].[8] At oral argument, plaintiff's counsel conceded that the holding in *Gavette v. Office of Personnel Management*, 785 F.2d 1568, 1573 (Fed.Cir.1986) supports the MSPB's denial of attorney fees to plaintiff.

### Conclusion

For reasons set forth above defendant's motion to dismiss and/or defendant's motion for summary judgment is granted. The clerk is directed to enter judgment dismissing plaintiff's complaint. No costs.

---

**8.** Plaintiff, in his complaint (¶ 25), states, "In all phases of this litigation, Plaintiff was and is entitled to counsel fees under the Equal Access to Justice Act, Pub.L. 99–80 (1985)." Since plaintiff is not the prevailing party in the litigation now before the court, he can hardly be said to be entitled to an award of counsel fees for "all phases of this litigation." In any event, plaintiff's claim for attorney fees is, in whole or in part, premature. Under RUSCC 81(e) applications or requests for attorney fees are to be filed 30 days after final judgment. As a procedural matter, plaintiff's request for attorney fees, at best, is premature.