**Masaki HIGA, Plaintiff-Appellant,**

v.

**Dr. John L. McLUCAS, Secretary of the Air Force, et al., Defendants-Appellees.**

**No. 75–2502.**

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1977.

Robert K. Fukuda (argued), Honolulu, Hawaii, for plaintiff-appellant.

William J. Eggers, III, Asst. U. S. Atty. (argued), Honolulu, Hawaii, for defendants-appellees.

OPINION

Before BROWNING, TRASK and KENNEDY, Circuit Judges.

PER CURIAM:

In September 1970, appellant Masaki Higa, a career federal employee at Hickam Air Force Base in Hawaii, received notice that the Department of the Air Force proposed to terminate his employment. The stated grounds for the proposed action were Higa's allegedly disorderly conduct and his alleged failure to follow instructions. After considering Higa's written response, the Department of the Air Force terminated his employment, effective October 16, 1970. In its notice of decision, the Department notified Higa of his right of appeal either to the Secretary of the Air Force or to the United

States Civil Service Commission. He was advised that any such appeal must be filed within fifteen days from the effective date of his removal.

On October 16, 1970, appellant met with a union official to discuss his termination. The official agreed to file an administrative appeal with the United States Civil Service Commission on Higa's behalf. The union official, however, failed to file the appeal, and the fifteen-day period expired. Ultimately, on August 24, 1971, more than ten months after the effective date of his dismissal, Higa personally filed an appeal with the regional office of the United States Civil Service Commission.

Apparently relying on 5 C.F.R. § 752.-203(b) (1970),[1] the regional office ruled that Higa's appeal was untimely. Section 752.-203(b) provided in pertinent part:

> (b) Time limit. (1) Except as provided in subparagraphs (2), (3), and (4) of this paragraph, an employee may submit an appeal at any time after receipt of the notice of adverse decision but not later than 15 calendar days after the adverse action has been effected.
>
> . . .
>
> (4) The Commission may extend the time limits in this paragraph when the appellant shows that he was not notified of the applicable time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from appealing within the time limit.

The regional office further concluded that the union official's failure to file the appeal did not by itself constitute "circumstances beyond [Higa's] control," under section 752.203(b)(4). The United States Civil Service Commission Board of Appeals and Review affirmed.

Higa then filed an action in the district court seeking to compel the Civil Service Commission to entertain his appeal. In response to Higa's second amended complaint, the Government moved for summary judgment. After taking additional testimony, the trial court granted the motion. Higa appeals.

■ In the court below, Higa challenged the Commission's determination that he had not established that failure to make a timely filing was due to circumstances beyond his control. The scope of review of the Commission's decision, both here and in the district court, is limited to a determination of whether the Commission abused its discretion or whether its actions were arbitrary and capricious. 5 U.S.C. § 706. Our review, furthermore, must be based solely on the administrative record. *Proietti v. Levi,* 530 F.2d 836, 838 (9th Cir. 1976).

■ The Commission's regulations, 5 C.F.R. § 752.203(b)(4), indicate that the burden is on the employee challenging agency action to establish that he was prevented by circumstances beyond his control from appealing to the Commission within the fifteen-day time limit. In this case, Higa merely alleged that he relied on a union official to submit the appeal. He made no showing that he was misled by the union official during the ten-month interim between the effective date of termination and his personal submission of an appeal in August 1971. Neither does the record indicate that Higa was under some disability that rendered him unable to file an appeal personally within the prescribed period. The administrative record contains little or nothing that lends support to Higa's assertion that he was prevented by circumstances beyond his control from filing an appeal to the Commission within the fifteen-day period. On this record, it cannot be said that the Commission abused its discretion or

---

1. The employees to whom this section was applicable included: "Any career, career-conditional, overseas limited, indefinite, or term employee, or any employee serving under a career or limited executive assignment, in a competitive position who is not serving a probationary or trial period . . . ." 5 C.F.R. § 752.-201(a)(1)(i) (1970). At the time of his termination from the Air Force, Higa was a career employee in a competitive position; he was also a Veteran's Preference employee. As such, he came within the terms of section 752.-201(a)(1)(i), and the time limitation for appeals to the Civil Service Commission applies.

acted arbitrarily and capriciously in denying Higa's administrative appeal. Accordingly, it was proper for the district court to grant the Government's motion for summary judgment.