per curiam:
This case comes before the court on cross-motions for summary judgment. Oral argument has been waived. Plaintiff was a civilian employee of the Department of the Army who resigned from his position effective October 22, 1977. In March 1979 he appealed to the Merit Systems Protection Board (mspb) on the ground that his resignation was coerced and involuntary. The mspb’s field office ruled that the long delay in appealing could not be excused as beyond plaintiffs control.[1] Plaintiff sought review in the Eastern District of Pennsylvania which transferred the case to this court.
Plaintiff cannot prevail. If he considered that his resignation involved an adverse action because of coercion or involuntariness triggering the resignation, he had to make a timely appeal to the mspb. Gratehouse v. United States, 206 Ct. Cl. 288, 296 (1975). His argument to the mspb and to us is that he could not file an earlier appeal because of his mental condition. But after considering his evidence of mental illness (mainly depression), and his earlier efforts to obtain reinstatement in his job, the mspb found his 17-month delay inexcusably long because (a) his depression was not so severe as to render him unable to discover and pursue his appeal rights, and (b) he was not diligent in discovering and pursuing those rights. There is more than substantial evidence to support these conclusions. The reports of claimant’s doctors, which are before us, do not show mental illness or depression of such a character that the mspb was compelled to find him disabled from proceeding with his claim of coercion and involuntariness. The administrative determination is therefore reasonable and must be accepted.
Defendant’s motion for summary judgment is granted, plaintiffs motion for summary judgment is denied, and the petition is dismissed.

 The regulations provide a 15-day limit for appealing to the mspb (and its predecessor), but that time may be extended for excusable unawareness of the time limit or prevention "by circumstances beyond his control from appealing within the time limit.”