Joseph V. GALLO, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 266–84C.

United States Claims Court.

July 31, 1985.

Joseph V. Gallo, pro se.

Leodis C. Matthews, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, for defendant. Sherry A. Cagnoli and Nancy T. Forden, Office of Labor Law, U.S. Postal Service, Washington, D.C., of counsel.

## OPINION

MOODY R. TIDWELL, III, Judge:

This case is on appeal from the Merit Systems Protection Board (hereinafter cited as MSPB) which comes before the court on Defendant's Motion for Summary Judgment and Motion to Dismiss. Plaintiff appeals an MSPB decision which held his appeal to be untimely. Plaintiff filed Notice of Appeal in the United States Court of Appeals for the Federal Circuit (CAFC); however, the CAFC granted MSPB's motion to transfer the case to the United States Claims Court on the ground that the cause of action arose prior to the effective date of the Civil Service Reform Act, 5 U.S.C. § 7703(b)(1) (January 11, 1979). In his appeal to this court, plaintiff reasserts the three reasons argued before the MSPB, and claims that the MSPB erred in finding his appeal untimely. Plaintiff, in its response brief to defendant's motion, also introduces two new arguments which he claims, in addition to the initial arguments, justify reversal of the MSPB decision. After careful consideration of the arguments

and the record, the court grants Defendant's Motion for Summary Judgment.

## FACTS

Plaintiff, Joseph V. Gallo, was employed for 23 years as a letter carrier at the Downey, California, Post Office. On April 20, 1978 plaintiff was sent a notice of charges by certified mail notifying him that the Post Office was activating procedures to remove him for failure to report for duty as scheduled on April 8, 1978. The notice gave plaintiff ten days to respond to the charges and told plaintiff how he could obtain further procedural information. Plaintiff did not respond to the notice. On May 4, 1978 plaintiff was sent by certified mail a notice of discharge with an effective date of May 22, 1978. The letter of discharge informed plaintiff that he had 15 days from the date of discharge to appeal to the Federal Employee Appeals Authority, predecessor to the MSPB.[1] Both of these letters were sent by certified mail; however, both receipts were signed, not by Gallo, but by a third-party.

After a four-year delay, plaintiff on August 11, 1982 appealed his discharge to the MSPB Regional Board in San Francisco. The Regional Board responded to Gallo's appeal on September 2, 1982 and requested the plaintiff to show either that his appeal was timely or that the appellant had a "reasonable excuse for delay." Plaintiff filed a response but the Regional Board found plaintiff's appeal to be untimely and with no reasonable excuse for delay.

Plaintiff next filed an appeal with the MSPB in Washington, D.C. on August 11, 1983, two months after the deadline stated in the Regional Board's decision. Plaintiff alleged that his appeal to the MSPB was timely because he had not received a copy of the Regional Board's decision. The MSPB found that plaintiff's petition did not meet the criteria for review, 5 C.F.R. § 1201.115(d) (1985) and, accordingly, did not review the merits of plaintiff's claim.

Plaintiff then filed an action in the United States Court of Appeals for the Federal Circuit seeking judicial review of the MSPB decision. Defendant filed a motion to transfer the case to this court, arguing that plaintiff's claim arose prior to the effective date of the Civil Service Reform Act, and that the proper forum was the United States Claims Court. The CAFC agreed and transferred the record to this court on May 24, 1984.

Plaintiff's June 18, 1984 Complaint in the Claims Court maintains that he never received the original letter of discharge, and that either his reliance upon his union president's statement or his bad health, as a matter of law, constitute "circumstances beyond his control," *infra*. Defendant responded on September 10, 1984 by filing a Motion for Summary Judgment. Plaintiff, after being granted additional time by this court, filed a response on February 25, 1985. In his response brief, plaintiff raises two new issues. For the first time plaintiff claims that the Regional Board told him that he had to provide a "reasonable excuse" for delay in filing instead of delay due to "circumstance(s) beyond his control" and then compounded this error by actually applying the "circumstances beyond his control" standard. Plaintiff also introduces two letters which do not appear in the Regional Board's record. These letters indicate that plaintiff broke his hip in December, 1976 and was treated by his doctor until the following March, approximately a year before charges were first brought against him. Defendant's reply asserted that neither argument justified this court's reversal of the MSPB's decision.

Jurisdiction is proper in this court pursuant to 5 U.S.C. §§ 701–706 (1976)[2] and this

---

1. This Board's duties were assumed by the MSPB after the enactment of the Civil Service Reform Act, 5 U.S.C. § 7701 (1978).

2. The Civil Service Reform Act and subsequent amendments to it only apply prospectively. *Kyle v. I.C.C.*, 609 F.2d 540, 542 (D.C.Cir.1980);

*Glenn v. Merit System Protection Board*, 616 F.2d 270, 271 (6th Cir.1980). Prior to the adoption of the Civil Service Reform Act in 1978, 5 U.S.C. § 7703 (1979) and subsequent amendments which made the United States Court of Appeals for the Federal Circuit the proper judi-

court's general jurisdictional statute, the Tucker Act, 28 U.S.C. § 1491 (1982).

## DISCUSSION

Defendant filed a Motion for Summary Judgment and a Motion to Dismiss. In order to grant a Motion for Summary Judgment, there must be no genuine issue as to any material fact and the moving party must be entitled to a decision as a matter of law. RUSCC 56(c). *See also South Louisiana Grain Service, Inc. v. United States*, 1 Cl.Ct. 281, 289 (1982); *Technograph Printed Circuits, Ltd. v. United States*, 178 Ct.Cl. 543, 560, 372 F.2d 969, 980 (1967).

▮ Judicial review by this court of administrative decisions in a civilian pay dispute is generally limited. *Sokoloff v. United States*, 4 Cl.Ct. 140, 143 (1983); *Wathen v. United States*, 208 Ct.Cl. 342, 351–52, 527 F.2d 1191, 1197 (1975), *cert. denied* 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976). Specifically, a reviewing court determines whether there has been substantial compliance with procedural requirements and whether the action was arbitrary, capricious, or not supported by substantial evidence. *Boyle v. United States*, 207 Ct.Cl. 27, 34–35, 515 F.2d 1397, 1401 (1975); *Schlegel v. United States*, 189 Ct.Cl. 30, 35–36, 416 F.2d 1372, 1375 (1969); *cert. denied* 397 U.S. 1039, 90 S.Ct. 1359, 25 L.Ed.2d 650 (1970) and cases cited therein. The presumption is that the administrative officers of the agency have acted in good faith. *Wathen v. United States*, 208 Ct.Cl. at 354, 527 F.2d at 1198. Moreover, a plaintiff has the burden to show with specificity the deficiencies requiring reversal of the agency's action. *Gross v. United States*, 205 Ct.Cl. 605, 613, 505 F.2d 1271, 1275–76 (1974).

## I.

Plaintiff claims that the Board erred in finding that his appeal was untimely for three reasons: no notice, incorrect advice, and poor health, which he believed justified his late appeals. The Regional Board found that none of these excuses justified the four year delay in filing.

Plaintiff comes before this court pro se. While plaintiff explicitly states his reasons for the subsequent delay as he did before the MSPB, plaintiff provides no legal basis or justification for the court to accept his reasons. The court has not forgotten that plaintiff is appearing pro se and will attempt to approach these issues in a fair manner to defendant and as if plaintiff had responded to the motion for summary judgment with sound legal reasoning and proper application of court standards.

▮ Plaintiff argues that by the time he received the letter terminating him from his employment with the Post Office, "the time for appeal had passed." The Board found, however, that it was clear that he did receive timely notice of his removal. Specifically, the Regional Board noted that plaintiff had indicated the following in his appeal:

> I received a letter of termination in May, 1978, in which I was accused of failing to notify the Post Office of the reason for my absences. I contacted our union president, John Fitzgerald, and explained the sequence of events to him. He said he could not help me because I had not notified the Post Office of the reasons for my absence from duty.
>
> I have not pursued the matter further until now because of the personal problems I was having at the time. . . .

Plaintiff, now, before this court, maintains that he never received any such notice. Plaintiff supports his argument by showing that the letter of discharge although sent by certified mail was signed for by a third party and he never received notice thereof. The MSPB could have, but chose not to believe plaintiff, but instead

---

cial forum to review MSPB's decisions, 5 U.S.C. § 7703 (1982), this court had jurisdiction under 5 U.S.C. § 701 (1976) and 28 U.S.C. § 1491. Therefore, since the amendments to § 701 are not to be applied retroactively and plaintiff's claim arose prior to the effective date to the act this court is the proper forum.

relied upon plaintiff's letter to the MSPB in which he specifically admitted receipt of the notice. This court may only review the finding by the MSPB to see if it is arbitrary, capricious, or unsupported by the facts or the law.

Although plaintiff continues to deny the receipt of the letter, this court is not empowered to reverse the Board's findings unless we find that the Board's decision is not supported by evidence which reasonably supports the conclusion reached. *Brewer v. United States*, 227 Ct.Cl. 276, 279, 647 F.2d 1093, 1096 (1981), *cert. denied* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982); *Consolidated Edison v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). In the present case, this court is faced with apparently contradictory evidence. However, the court must rely upon the Board's resolution of the credibility issue in defendant's favor and the evidence, a letter written by plaintiff admitting receipt of the termination notice, does not assist defendant, since he has given at different times inconsistent arguments. Simply stated, plaintiff has based a portion of his argument under oath on the fact that he never received the termination letter, but, at the earlier Regional Board hearing, while also under oath, he stated unequivocally that he did receive the termination letter. This does not constitute substantial evidence, and thus, the court will not reverse the Board's decision on this issue.

■ Plaintiff next argues that his reliance upon incorrect statements by his Union president and his bad health, as a matter of law, constitute "circumstances beyond his control." The law on this issue is very clear. 5 C.F.R. § 752.203(a) (1978) requires the appealing party, plaintiff, must prove that there exist "circumstances beyond his control" which prevented him from making a timely appeal. *See Hayes v. United States*, 225 Ct.Cl. 599, 601 (1980).

As a matter of law detrimental reliance upon the statements of some other person does not constitute a circumstance beyond one's control unless plaintiff proves that he has been intentionally misled. *Higa v. McLucas*, 549 F.2d 152 (9th Cir.), *cert denied*, 433 U.S. 909, 97 S.Ct. 2976, 53 L.Ed.2d 1094 (1977). The record shows no facts, nor does plaintiff assert, that he was intentionally misled; therefore, the MSPB's decision was correct.

■ Finally, plaintiff claims that his health precluded a timely appeal. Bad health can constitute an excuse; however, the illness from which the petitioner suffers must render the individual unable to discover and pursue his rights. *Howie v. United States*, 230 Ct.Cl. 924 (1982); *Hayes v. United States*, 225 Ct.Cl. 599 (1980). Plaintiff submitted no evidence which would suggest that he suffered from any illness that might render him incapable of discovering his rights. Therefore, this court has no choice but to affirm the MSPB's decision on this issue.

## II.

Plaintiff in his response brief to Defendant's Motion for Summary Judgment raises two new issues. Plaintiff claims that the Regional Board erroneously stated the standard of review and that the error requires reversal of the MSPB's decision. Plaintiff also attaches two letters to his brief which indicate that his fractured hip was fully healed by the Spring of 1977.

## A.

■ Plaintiff claims that the Regional Board's response to plaintiff's initial appeal was a request that the plaintiff show a "reasonable excuse," but plaintiff maintains that in its decision the Board applied the "circumstance beyond control" standard which plaintiff claims justifies reversal. Although this court is sympathetic to plaintiff appealing pro se, the court does not consider plaintiff's reliance on a possible misstatement, by the Regional Board, a reversible error. First, even though appellant is pro se, it is not the Regional Board's duty to inform him of the law. 5 C.F.R. § 752.203(f) only requires the Regional

Board to inform plaintiff where and how to find information to pursue an appeal. Second, even if the Regional Board erred it is not a reversible error. Plaintiff has not indicated how this error effected his legal position as a terminated federal employee fighting for reinstatement. In any event the Regional Board did apply the correct standard in its opinion. In order for this court to reverse a Board decision on procedural grounds not only does error have to exist, but we must find that the error "substantially affected plaintiff's rights in the removal process." *Pascal v. United States*, 211 Ct.Cl. 183, 189, 543 F.2d 1284, 1288 (1976). In light of the fact that plaintiff has not indicated how this error affected his rights and the fact that the Board did apply the correct standard in its decision, plaintiff's argument is denied.

### B.

 Plaintiff in his response brief to Defendant's Motion for Summary Judgment has attached certain documents which do not appear as part of the record. In order for plaintiff to introduce these documents at this late date they must constitute new evidence. Material in order to be considered new evidence must have been unavailable to the party at the time the agency rendered its decision. *Brousseau v. United States*, 226 Ct.Cl. 199, 210, 640 F.2d 1235, 1242 (1981); *Cohen v. United States*, 212 Ct.Cl. 568, 572, 553 F.2d 104 (1977). Plaintiff in his response brief admits that he had these letters in his possession before the agency rendered its decision; therefore, they do not constitute new evidence and will not be considered by this court.

### CONCLUSION

The court accordingly grants Defendant's Motion for Summary Judgment and the Clerk is directed to dismiss the Complaint.

IT IS SO ORDERED.