**Michael LONG, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 98–84C.**

United States Claims Court.

April 15, 1987.

Michael Long, pro se.

John S. Groat, with whom were Asst. Atty. Gen. Richard K. Willard, and David M. Cohen, for defendant. Captain Stephen Pecinovsky, United States Air Force, Washington, D.C., of counsel.

## OPINION

BRUGGINK, Judge.

This case is presently before the court on plaintiff's motion for leave to take three depositions and defendant's motion for a protective order with respect to all discovery. After considering the briefing of

the parties, and in light of the applicable law, the court denies plaintiff's motion, and grants in part, and denies in part, defendant's motion.

## BACKGROUND

Mr. Long was commissioned as a reserve officer and entered active duty on September 28, 1965. He was integrated into the Regular Air Force on October 2, 1970 and eventually attained promotion to the permanent grade of captain on September 23, 1972. Mr. Long was considered, but not selected, for promotion to the permanent grade of major by selection boards which convened on June 19, 1978 and July 9, 1979. Based upon his two non-selections for promotions to the permanent grade of major, Mr. Long was separated involuntarily from the service on February 29, 1980.

Plaintiff, acting *pro se*, filed his initial complaint on March 1, 1984. Proceedings were stayed to allow pursuit of administrative relief before the Air Force Board for Correction of Military Records ("AFBCMR"). In his application to the board, Mr. Long challenged his nonselection for promotion and his Officer Effectiveness Reports ("OER's") for the years 1974 through 1979. On February 24, 1986, the AFBCMR denied plaintiff's application for relief. On April 21, 1986, an amended complaint was filed, reflecting the administrative decision.

On July 31, 1986, defendant filed a motion for summary judgment predicated solely on the defense of laches and simultaneously moved for suspension of proceedings. By orders of August 15, September 4, and November 4, 1986, the court allowed certain limited discovery, while requiring plaintiff to demonstrate how remaining discovery would advance resolution of the laches issue. By order of December 3, 1986, Defendant's Motion for Protective Order, filed October 30, 1986, was granted in part and denied in part, and the parties were directed to submit briefs on the question of whether the court's review is limited to the administrative record. In its order of January 13, 1987, this court denied defendant's motion for summary judgment without prejudice and ordered defendant to file one copy of the administrative record. In addition, the court permitted plaintiff to proceed with discovery on the merits based on the assumption that this court could receive evidence not present in the administrative record. After reexamining the applicable law, the court reconsiders and amends its order of January 13, 1987. The court concludes that review in this action is limited to the record developed before the AFBCMR, and that further discovery, with the limited exception hereafter discussed, is not appropriate.

## DISCUSSION

This court will only overturn the decision of a military correction board when it is shown that the decision below is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *E.g., Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986); *Saunders v. United States*, 219 Ct.Cl. 285, 298–300, 594 F.2d 804, 811 (1979); *see generally* J. Glosser and K. Rosenberg, *Military Correction Boards: Administrative Process and Review By the United States Court of Claims*, 391, 409–410 (1973). In making that determination, however, the question arises whether the reviewing court is limited to the administrative record, or whether it may accept additional evidence.

In disability retirement cases, a subcategory of military pay cases, there has been a consistent practice of permitting limited augmentation of the administrative record with new evidence. *Brown v. United States*, 184 Ct.Cl. 501, 518–19, 396 F.2d 989, 1000–01 (1968); *Beckham v. United States*, 179 Ct.Cl. 539, 375 F.2d 782 (1967). In *Brown*, for example, the Court of Claims specifically rejected the government's challenge to the practice of admitting new evidence in such cases. The court reasoned that disability retirement records typically did not reflect administrative hearings, with the medical testing and evaluation typical of that process, and it allowed in evidence to fill gaps in the administrative record and provide post-separation

information. 184 Ct.Cl. at 512, 396 F.2d at 995.[1]

The practice in non-disability military pay cases is not as easy to define, however. In at least two decisions, the Court of Claims affirmed the taking of *de novo* evidence by the trial judge without discussion of whether the evidence was unavailable below. *See Bray v. United States,* 207 Ct.Cl. 60, 515 F.2d 1383 (1975); *Montilla v. United States,* 198 Ct.Cl. 48, 457 F.2d 978 (1972). In *Bray,* for example, the plaintiff sought to have his involuntary dismissal overturned and his military record corrected to reflect reinstatement, reenlistment and retirement. The opinion states that the plaintiff was entitled to a trial on the merits as a "matter of right so that he might have a judicial determination of the disputed factual issues involved in the claim." 207 Ct.Cl. at 73, 515 F.2d at 1390. It is critical to note, however, that *Bray* and *Montilla* cite decisions involving disability retirement such as *Brown* and *Beckham* for support. Moreover, it is noteworthy that in *Bray* at least, there had been no hearing at the AFBCMR level, and the trial judge found that the record developed before the review boards was so tainted that plaintiff's right to a fair and objective review was completely compromised.

More recent military pay decisions by this court, however, appear to limit review to the record developed before the administrative review board. *See, e.g., Park v. United States,* 10 Cl.Ct. 790, 793 (1987); *Voge v. United States,* 11 Cl.Ct. 510 (1987); *Jones v. United States,* 7 Cl.Ct. 673 (1985); *McCarthy v. United States,* 7 Cl.Ct. 390, 393 (1985). Because of this apparent conflict between the practice of the Trial Division condoned in *Bray* and *Montilla* and the present practice of this court, two questions arise: to what extent should this court permit submission of new evidence;

and if new evidence is allowed, should the case be remanded to the board? Three changes in the legal landscape which were either contemporaneous with *Montilla* and *Bray,* or which post-date those decisions suggest that the later decisions correctly reflect the present law, and thus that new evidence should be allowed during judicial review only if it was unavailable below, and even if allowed, that the case typically should be remanded to the administrative board for reconsideration.

The first change involves the jurisdictional statute for our predecessor court, 28 U.S.C. § 1491, which was amended in 1972 to add the following power:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status and correction of applicable records, and such orders may issue to any appropriate official of the United States. In any case within its jurisdiction, *the court shall have the power to remand appropriate matters to any administrative or executive body* or official with such duration as it may deem proper and just. (Emphasis added.)

August 29, 1972, Pub.L. 92–415, § 1, 86 Stat. 652. Before this amendment many judges did not conceive that it was within their remedial power to remand a military pay case to the appropriate military board. *E.g., Suter v. United States,* 139 Ct.Cl. 466, 471, 153 F.Supp. 367, 369, *cert. denied,* 355 U.S. 926, 78 S.Ct. 383, 2 L.Ed.2d 356 (1958); *Hearings on S. 1704, Before the Subcommittee on Improvements in Judicial Machinery of the Senate Judiciary Committee,* 90th Cong., 1st Sess. (1968)

---

**1.** These decisions are generally consistent with the approach taken by this court and its predecessor in civilian pay cases. *See, e.g., Brousseau v. United States,* 226 Ct.Cl. 199, 210, 640 F.2d 1235, 1242 (1981); *Leefer v. United States,* 215 Ct.Cl. 1061, 1062, 578 F.2d 1388 (1978); *Benton v. United States,* 6 Cl.Ct. 781, 786 (1984). These latter decisions stand for the proposition that evidence beyond that in the administrative

record will be considered *by the court* only if it is newly discovered or was unavailable during the administrative review. The review, however, is still of the record, and the proceeding as a whole is not *de novo.* The clear suggestion of these decisions is that the limited new evidence is considered during the court's own review, and does not necessarily require a remand.

(Testimony of Wilson Cowen, Chief Judge, U.S. Court of Claims). Secondly, on Oct. 1, 1982, the Federal Courts Improvement Act (FCIA), P.L. No. 97–164, 96 Stat. 25 took effect and thereby created this court as an independent trial court with remedial power pursuant to the 1972 amendment. Finally, the Supreme Court has recently emphasized in a different context that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985) (*quoting Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973)). Part of the rationale behind this decision is to prevent a usurpation of the administrative function by a court. Accordingly, "[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matters being reviewed and to reach its own conclusions based on such an inquiry." 105 S.Ct. at 1606. Where an administrative record is found somehow lacking by the review court, its role is not to fill in the gaps. Rather, according to the Supreme Court,

"[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."

105 S.Ct. at 1607. *See also FCC v. ITT World Communications, Inc.,* 466 U.S. 463, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984); *Sterlingwear v. United States,* 11 Cl.Ct. 879, 890 (1987).

■ The court concludes that, in view of *Florida Power* and the two legislative changes referred to, the current state of the law in military pay cases other than those for disability retirement, in that judicial review should be limited to the record developed before the military review board. It follows that discovery is unnecessary.[2] Plaintiff's motion for allowance of further discovery through depositions is therefore denied, and defendant's motion for a protective order with respect to all other discovery is granted, with the exception hereafter discussed.

Even if plaintiff were to allege that new evidence exists which despite due diligence he was unable to present to the AFBCMR, the appropriate remedy would probably be to remand to the board with instructions to reconsider in light of the additional evidence. Plaintiff in this case has made no such allegation, so that issue need not, for the present, be considered.[3]

Defendant's motion for a protective order with respect to outstanding interrogatories is denied to the extent plaintiff is requesting copies of applicable regulations, which he, as a *pro se* litigant, may have some difficulty obtaining.

## CONCLUSION

Plaintiff's motion for leave to take further depositions is denied. Defendant's motion for a protective order is granted with the exception that defendant is ordered to answer interrogatories 2, 3, 7, 8 and 10 of Plaintiff's Second Request for Interrogatories and Documents, filed February 2, 1987, only insofar as they ask for copies of regulations. In all other respects, outstanding discovery is quashed.

---

**2.** Courts reviewing administrative decisions have recognized a limited exception and would permit discovery beyond the record where there was a "strong showing of bad faith or improper behavior" that would "create serious doubts about the fundamental integrity" of the administrative action. *Sierra Club v. Costle,* 657 F.2d 298, 390 (D.C.Cir.1981). Plaintiff has made no allegation that the process before the AFBCMR was compromised in that fashion.

**3.** In the event plaintiff were to make such an allegation, two other issues arise which have not yet been addressed by the parties—whether it may be appropriate to allow limited discovery to test plaintiff's allegation and thereby the utility of a remand; or whether, assuming a remand, utilization of the rules of discovery in this court are necessary to augment discovery available before the board. For the moment, neither issue need be addressed.