Robert B. BATESON, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 96–40 C.

United States Court of Federal Claims.

Filed: Sept. 18, 2000.

Reissued for Publication: Nov. 8, 2000.

Guy J. Ferrante, Falls Church, VA, for plaintiffs.

John C. Einstman, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant, with whom were James M. Kinsella, Deputy Director; David M. Cohen, Director; and David W. Ogden, Acting Assistant Attorney General. Captain Michael Summer, U.S. Air Force, Arlington, VA, of counsel.

## ORDER

DAMICH, Judge.

## I. Introduction

This military pay case is before the Court on Plaintiffs' Motion to Supplement the Administrative Record. In this case, 12 Plaintiffs contend that they were involuntarily separated as a result of selection boards conducted in violation of statutory and regulatory procedural requirements. Plaintiffs seek reinstatement to active duty and correction of their military records. After careful consideration, the Court DENIES Plaintiffs' Motion to Conduct Discovery to Supplement the Administrative Record.

## II. Background

### A. Procedural History

On January 30, 1996, Plaintiffs filed a preliminary complaint pursuant to Rule 27(a)[1] of the Court of Federal Claims. Plaintiffs filed a motion for leave to conduct discovery necessary to perfect the complaint on February 27, 1996. Proceedings in this case were stayed on November 19, 1997, pending a final decision in a related case, *Small v. United States*, 158 F.3d 576 (Fed.Cir.1998). On October 14, 1999, the Supreme Court denied the petition for writ of certiorari in *Small*.

A status conference was held on January 12, 2000, at which time the Court lifted the stay and ruled on a number of pending motions. Because the Court found that Plaintiffs had pled with the requisite particularity,

the Court denied Plaintiffs' motion for leave to conduct discovery to perfect its complaint. A second amended complaint was filed on February 16, 2000.[2]

Defendant filed Plaintiffs' master personnel files and the selection board records on July 28, 2000. According to Defendant, for those Plaintiffs who did not pursue administrative remedies with the AFBCMR, their administrative record in this case is comprised of the Plaintiffs' master personnel files.

### B. Plaintiffs' Motion to Conduct Discovery

Plaintiffs filed a motion seeking to supplement the administrative record by conducting discovery into various aspects of the selection board process. According to Plaintiffs, the Air Force procedures implementing the selection board process do not comply with the statutes and regulations. Specifically, Plaintiffs seek discovery concerning the involvement of board members in board proceedings. Additionally, Plaintiffs seek information about the "quality control" and auditing process. Plaintiffs also seek discovery of statistical analyses of promotion board results because they allege that promotion opportunities varied between panels. They contend that "common and identifiable criteria" were not used by the board members in rating officers. Lastly, Plaintiffs seek clarification of various aspects of the selection board process.[3]

---

1. RCFC 27(a)(1) provides in pertinent part:
 When a plaintiff cannot state a case with the requisite particularity without an examination of documents or things or other information in the possession of the United States, and the plaintiff has been unable upon application to obtain a sufficient examination of such documents or things or other information, such plaintiff may file a complaint stating the plaintiff's claim as far as is in the plaintiff's power. RCFC Rule 27(a)(1).

2. Specifically, Plaintiffs allege that the use of panels in the selection board process violated statutory and regulatory guidelines because there is no determination by a majority of the board members that those recommended for promotion were fully qualified or best qualified. Plaintiffs also allege that Board Presidents interfered with the independence of board members by determining the selection or non-selection of officers

by identifying records for re-scoring for subjective reasons. Plaintiffs allege that no uniform or common and identifiable criteria were used in the scoring and ranking of records within panels. Plaintiffs also argue that no findings or recommendations were made by any of the board members. Plaintiffs further argue that there was no consensus by a majority of the members of the board to be certified and that members had no knowledge of the matter they purported to certify. Lastly, Plaintiffs claim that the distribution of records and members among the various independent panels precluded certification that the recommended officers were best qualified.

3. In particular Plaintiffs seek information concerning the Projected Order of Merit (POM) and the replacement of the POM. Furthermore, Plaintiffs seek clarification regarding the meaning of the board member's certifying signatures and the meaning of "secretarial approval."

Plaintiffs present essentially two arguments why they should be allowed to conduct discovery. First, Plaintiffs argue that there is no administrative record to supplement because relief was not sought in an administrative forum and that they should be allowed to develop the facts. Plaintiffs contend that their personnel records are irrelevant to a determination of whether the Air Force followed its internal procedures in conducting the selection boards. In the alternative, Plaintiffs argue that if the personnel records serve as the administrative record, then Plaintiffs should be allowed to conduct discovery to supplement the record because the evidence now sought was unavailable to them during the selection board process.

In response, Defendant contends that where an administrative record was not developed before the AFBCMR, the Plaintiffs are limited to the information that would have been before the administrative decision maker. Thus, Defendant argues that Plaintiffs' evidentiary record is comprised of their master personnel files and the selection board records. Defendant further argues that Plaintiffs should be denied discovery because the information now sought by Plaintiffs should have been obtained from the AFBCMR. Lastly, Defendant contends that Plaintiffs' underlying contention that the Air Force's selection board process is contrary to law has been rejected by the Court of Appeals for the Federal Circuit.

## III. Discussion

This case presents a unique situation because a majority of the Plaintiffs did not file petitions with the Air Force Board For Correction of Military Records (AFBCMR) challenging the procedures by which they were not selected for promotion.[4] Rather than pursuing administrative remedies, a majority of Plaintiffs filed suit directly in this Court.

The Court is presented with two overriding issues. First, whether Plaintiffs who did not pursue administrative remedies with the AFBCMR are entitled to conduct discovery to supplement the existing record which is comprised of their personnel records and the selection board records. Second, whether Plaintiffs who petitioned the AFBCMR are entitled to conduct discovery to supplement the administrative record.

 In this Court judicial review in military pay cases is normally limited to the administrative record developed before the military board. *Long v. United States,* 12 Cl.Ct. 174, 177 (1987). Thus, "it follows that discovery is unnecessary." *Id.* While Plaintiffs were not required to exhaust administrative remedies prior to filing suit in this Court, *see Heisig v. United States,* 719 F.2d 1153, 1155 (Fed.Cir.1983), their decision is not without consequences. In cases where an officer has not pursued an administrative appeal the officer has waived the right to make an administrative record and has to rely in a subsequent action for judicial review on the evidentiary record before the deciding official. *See Krzeminski,* 13 Cl.Ct. at 437–38. Thus, in this case the evidentiary record is comprised of Plaintiffs' master personnel files and the selection board records because such information would have been before the deciding official.

 The Court recognizes that Plaintiffs are free to pursue their claims directly in this Court without exhausting administrative remedies. However, to proceed in this manner it would seem that Plaintiffs are either satisfied with the evidentiary record or that a sufficient basis and knowledge of the facts exist for the allegations in the complaint.[5] Plaintiffs are not entitled to conduct discovery with the speculative hope of finding something to support their complaint. *See Keebler Co. v. Murray Bakery Products,* 866 F.2d 1386, 1389–90 (Fed.Cir.1989).

---

4. It appears that two Plaintiffs, Messrs. William Seward and Leon Brown filed petitions with the AFBCMR. Thus, there is an administrative record.

5. 32 C.F.R. § 865.3(f) provides than an officer "must file an application [with the AFBCMR] within 3 years after the error or injustice was

discovered, or with due diligence, should have been discovered." However, the Board has the discretion to excuse untimely filing in the interest of justice. *See* § 865.3(f)(1). Thus, Plaintiffs were not precluded from filing a petition with the AFBCMR as Plaintiffs contend.

█ In situations where the evidentiary record is found to be inadequate, it is not this Court's role to fill in the evidentiary gaps. *Long,* 12 Cl.Ct. at 177. When there are gaps, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," not to have the investigation or explanation performed in this, the reviewing court. *Id.*

█ The Court may go beyond the existing record and allow Plaintiffs to submit new evidence only if, (1) the evidence was unavailable below or (2) if there is a strong showing of bad faith or improper behavior which creates serious doubts about the integrity of the administrative action. *Wyatt* 23 Cl.Ct. at 319. In this case, Plaintiffs fail to prove that they qualify for either of the two exceptions. The first exception is inapplicable to a majority of Plaintiffs because they did not pursue administrative remedies below, i.e., with the AFBCMR.[6] The second exception is also inapplicable because Plaintiffs do not offer any evidence of bad faith or improper behavior.[7] Thus, Plaintiffs are not entitled to conduct discovery on either basis.

Plaintiffs also contend that they should be allowed to conduct discovery because the Court cannot determine whether the selection boards were conducted pursuant to law without knowing the internal procedures of the selection process. It is the Plaintiffs, however, who "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Sanders v. United States* 219 Ct.Cl. 285, 594 F.2d 804, 813 (1979). Thus, it is Plaintiffs' burden to prove that the selection board process was conducted contrary to law. The government does not have the burden of proving that the selection board process was conducted according to law.

Plaintiffs fail to provide a basis on which this Court should grant them discovery. Plaintiffs' allegations challenging the use of panels in the selection board process have already been addressed by the Federal Circuit in several cases.[8] While Plaintiffs contend that the present case is distinguishable from the Federal Circuit precedent, this Court disagrees. Contrary to Plaintiffs' belief, the Federal Circuit has already spoken on the very issues on which Plaintiffs seek discovery. Furthermore, the Court disagrees with Plaintiffs' contention that the selection board records are irrelevant to its challenge of the procedures of the selection board. Among other things, the selection board records provide information with regard to the board members' involvement in the selection board process.[9] Plaintiffs may not use discovery in the hope of finding something to support their complaint.

## IV. Conclusion

For the reasons discussed herein, it is hereby ORDERED that Plaintiffs' Motion to Conduct Discovery to Supplement the Administrative Record is DENIED. The parties are hereby ORDERED to file dispositive

---

6. Plaintiffs' counsel during oral argument represented that he was unaware of any Plaintiffs that had petitioned the AFBCMR. The Court is aware of at least two officers who petitioned the AFBCMR challenging the selection board process. In the case of the two officers, Plaintiffs have not made a showing that the information sought was unavailable to them during the proceedings.

7. During oral argument Plaintiffs accused the military of misconduct for failing to make and preserve the records of procedures of the board. However, such a vague accusation without some proof falls short of the strong showing required to allow Plaintiffs to supplement the record. *See Wyatt,* 23 Cl.Ct. at 319 (holding that plaintiff's bare allegation of perjury was insufficient to allow him to present new evidence.)

8. *See Small v. United States,* 158 F.3d 576 (Fed. Cir.1998) (holding that use of panel system in selection board process was not contrary to statutory requirements); *see also Fluellen v. United States,* 225 F.3d 1298 (Fed.Cir.)(upholding the use of the panel system in officer promotion process); *Neptune v. United States,* 38 Fed.Cl. 510 (1997) aff'd, 178 F.3d 1306 (Fed.Cir.1998) (holding that panel system for determining Air Force promotions is valid under controlling statutes and regulations and challenges to Air Force decisions on how to select officers for promotion present nonjusticiable questions).

9. The Court also notes that Defendant has cooperated with Plaintiff by providing it with various documents concerning the selection board process. Defendant stated during oral argument that it has provided Plaintiff with all available written procedures.

motions within 30 days of the date of this ORDER.