**Reginald H. RUSSELL, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5023.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 15, 2003.

Before NEWMAN, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

Reginald H. Russell appeals from the decision of the United States Court of Federal Claims granting summary judgment to the United States in his appeal from a decision of the Board for the Correction of Naval Records. For the reasons that follow, we *affirm* the decision of the Court of Federal Claims.

**Background**

Mr. Russell enlisted in the United States Army in July 1987, complained of suicidal thoughts during that summer, and was given an "Entry Level Discharge" in August, the discharge citing a personality disorder. He enlisted in the Navy in December 1988 and in March 1990 began complaining that he was being racially harassed by others in his command. In June 1990 he was hospitalized at a Navy psychiatric facility for stress and possible homicidal ideation toward his co-workers. In September 1990 Mr. Russell was given a General Discharge under Honorable Conditions. The stated reason for the discharge was a personality disorder.

In July 1991 Mr. Russell began a series of administrative actions challenging the nature of his discharge before the Naval Discharge Review Board and, in 1993, seeking disability benefits from the Veterans Administration (now the Department of Veterans Affairs). In 1992 his discharge was corrected to "Honorable" and by March 2000 he was awarded 100% disability for his psychiatric condition.

On October 16, 2000, Mr. Russell applied to the Board for the Correction of Naval Records for correction of his records to reflect a medical discharge, based on his delusional disorders and a skin disorder, and an award of disability benefits from the date of his discharge, Sept. 14, 1990. He stated that his mental and physical disabilities resulted from his service in the Navy and that he suffered from those conditions while in the Navy. On his application to the Board, he stated that he first

discovered the "alleged error or injustice".[1] in 1998.

The Board obtained an advisory opinion as to Mr. Russell's disability at the time of his discharge from a psychiatric unit of the Naval Medical Center in Portsmouth, Virginia. The opinion concluded that at the time of his discharge Mr. Russell had a personality disorder but was not disabled. The opinion recommended that the Board decline to change Mr. Russell's Naval records.

The Board then dismissed the claim, but did so on the basis that it was untimely filed, noting the three year statutory period that begins when the petitioner first learns of the "error or injustice." 10 U.S.C. § 1552(b). The Board rejected Mr. Russell's allegation that he first learned of the misdiagnosis in 1998, concluding from statements he made at the time of his discharge that he was aware of this condition and its misdiagnosis in 1990. The Board declined to excuse the lateness of the filing and dismissed Mr. Russell's petition. The Board also held, as an alternative ground for dismissal, that Mr. Russell had not established that he was disabled at the time of his discharge, and thus was not entitled to a correction of his Naval records.

On appeal, the Court of Federal Claims found that Mr. Russell had agreed, in his brief filed August 5, 2002, that the date of discharge was in fact the date he first learned of the alleged mistake or injustice in his Naval records. The court ruled that the Board did not abuse its discretion, in its refusal to waive the late filing.

The court also reviewed the Board's determination on the merits. Applying the standard of review set forth in *Heisig v. United States,* 719 F.2d 1153, 1156–57 (Fed.Cir.1983), the court concluded that the Board's decision on the merits was not arbitrary and capricious, an abuse of its discretion, unsupported by substantial evidence, or contrary to law. The court granted summary judgment to the United States.

**Discussion**

Mr. Russell argues that the Board incorrectly applied 10 U.S.C. § 1552(b) to his claim, and that the Court of Federal Claims erred in affirming that incorrect action. He cites *Myers v. United States,* 50 Fed.Cl. 674 (2001), for the statement that "a cause of action for a military pay disability benefit case does not accrue until the service member seeks, and is denied, disability benefits from the first military board competent to grant such benefits." *Id.* at 683 (citing *Real v. United States,* 906 F.2d 1557 (Fed.Cir.1990)).

However, both *Myers* and *Real* state the rule for when suit must be filed in the Court of Federal Claims, not the time limit for the initial submission to the Board for the Correction of Naval Records. The former is governed by 28 U.S.C. § 2501, the latter by 10 U.S.C. § 1552(b). Interpretation of 28 U.S.C. § 2501 was before the courts in *Myers* and *Real.* However, the Board was concerned with 10 U.S.C. § 1552(b), which sets a three-year limit.

We conclude the Court of Federal claims correctly applied 10 U.S.C. § 1552(b) to the filing of Mr. Russell's claim with the Board. *See Miller v. United States,* 29 Fed. Cl. 107 (1993) (applying 10 U.S.C.

---

1. 10 U.S.C. § 1552(b). No correction may be made under subsection (a) unless the claimant or his heir or legal representative files a request for the correction within three years after he discovers the error or injustice. However, a board established under subsection (a) may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice.

§ 1552(b) to petitions for correction of military records).

Mr. Russell argues that the Court of Federal Claims erred in not considering certain evidence of disability that he submitted to it. The court refused to admit evidence that had not been before the Board, as its precedent requires, *see Long v. United States,* 12 Cl.Ct. 174 (1987). Mr. Russell argues that the evidence in question had indeed been submitted to the Board, describes it in general terms, and cites to pages in the administrative record.

To the extent that the evidence to which Mr. Russell refers was not in the administrative record before the Board, the court was correct in refusing to consider it. If some, or all, of this evidence was before the Board, it was also before the court in the administrative record. It is presumed that judges consider all of the evidence before them, even if that evidence is not specifically discussed in their opinions. Mr. Russell's allegations to the contrary are insufficient to overcome this presumption.

· We review *de novo* the decision of the Court of Federal claims, *see Advanced Data Concepts, Inc. v. United States,* 216 F.3d 1054, 1057 (Fed.Cir.2000), applying the same review standard to the Board's decision that the Court of Federal Claims applied. We thus consider whether the decision of the Board was arbitrary or capricious, an abuse of its discretion, unsupported by substantial evidence, or contrary to law. In view of the evidence before it, which included the advisory opinion of the Naval Medical Center in Portsmouth and Mr. Russell's medical records and evaluations at the time of his discharge, we discern no reversible error in the Board's analysis. For that reason, and our conclusion that the court acted within its discretion when it dismissed Mr. Russell's case on the alternative ground of untimely filing with the Board, the decision of the Court of Federal Claims must be affirmed.