# In the United States Court of Federal Claims

No. 12-117C

(Filed May 31, 2013)

```
*************************************
                                    *
MARY B. STANTON,                    *
                                    *    Military Pay Act, 37 U.S.C. § 204;
                  Plaintiff,        *    Motion to Supplement the
                                    *    Administrative Record
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff, Mary Stanton ("Stanton") brings this action alleging that she was wrongfully discharged from the United States Air Force[1] as a result of disabilities incurred while on active duty. She further alleges that, due to this wrongful discharge, she was denied pay to which she was entitled. After a preliminary scheduling conference, the Court ordered production of the administrative record ("AR") in this matter, as well as cross-motions for judgment thereon.

On January 18, 2013, the Government timely filed the AR and its motion for judgment on the administrative record. On March 27, 2013, Stanton filed a motion to supplement the administrative record. The motion was filed late, and the Court issued an order to show cause as to why the Court should not grant the Government's motion for judgment on the basis that Stanton had failed to prosecute the case. Stanton's response satisfied the Court and, as a result, the Court stayed briefing on the cross-motions for judgment on the record and ordered briefing on Stanton's motion to supplement. That briefing was completed on May 7, 2013.

For the reasons that follow, Stanton's motion to supplement the administrative record is GRANTED, in part, and DENIED, in part.

---

[1] When referring to the United States as a defendant, the Court will use the term "Government." Reference to the "Air Force" is made in its capacity as the decision-making department.

## I.     Background

### a.  The Complaint

In her Complaint, Stanton alleges that she was disabled and incapacitated due to injuries she sustained in the line of duty. Specifically, Stanton alleges that, in the fall of 2009, she sustained a hip injury "in the performance of routine physical training in preparation for a six week paralegal school." Compl. at ¶ 10. She alleges that she sustained a labral tear that eventually resulted in Stanton undergoing arthroscopic surgery on May 19, 2010.

Stanton alleges that she was again serving on active duty in the fall of 2010 when she sustained an injury to her lower back. A December 2, 2010 MRI showed "L5-S1 disc disease and broad-based disc bulge with left paracentral disc protrusion abutting the left S1 nerve root resulting mild left neural foraminal narrowing but no canal stenosis."

On February 8, 2011, Stanton alleges, her case was assigned to Mertha Dorsey[2] by a Major Anderson, who requested that Dorsey "take on this [Stanton's] case and bring to WHMC [Wilford Hall Medical Center] for MEB." Stanton alleges that, at this point, she had been on a medical profile for more than one year,[3] which should have triggered a Medical Evaluation Board ("MEB").

On March 15, 2011, Stanton underwent a second arthroscopic hip surgery. Shortly thereafter, on April 12, 2011, the Line of Duty Appointing Authority found that Stanton's back injury was incurred in the line of duty. Then, on June 9, 2011, Stanton's Commander signed a Form 469, indicating that she required an MEB due to her line-of-duty disabilities.

Stanton remained on active duty until September 1, 2011. Since that date, Stanton claims that the Government has failed to continue her on active duty under medical continuation orders. She claims that she desired to stay on active duty until the final disposition of her case. Thus, she believes that she was wrongfully and involuntarily removed from active duty while disabled, prior to receiving a final disposition in the Air Force's disability evaluation system. This, she claims, has resulted in the loss of active duty pay and left her without access to health care and medical treatment for her conditions.

### b.  The Government's Motion for Judgment on the Administrative Record

The Court's point of reference in adjudicating Stanton's motion to supplement is the Government's motion for judgment on the administrative record. That motion

---

[2] Ms. Dorsey's position is unclear from the Complaint, which states that the case was assigned to "Mertha Dorsey, Care Coordination/MEB process."
[3] She alleges that she was placed on medical profile on January 27, 2010.

presents the discrete argument that the Air Force's determination not to renew Stanton on medical continuation orders was legal because Stanton herself refused to comply with the medical treatment prescribed for her back pain.

As the Court reads the Government's motion, without the benefit of Stanton's response, it appears that the situation was as follows: after her second hip surgery, Stanton was given a "full medical workup" by Air Force medical staff. AR 1, 38, 288. Dr. Richard Teff recommended that Stanton undergo surgery, and his recommendation was seconded by Dr. Jeb Pickard. AR 32; 35-36.

The Air Force first referred Stanton to Dr. Teff, but Stanton instead requested that she be referred to a specific civilian surgeon in the New York area. AR 45, 193. This surgeon was not covered by the Air Force HMO network, so the Air Force provided a referral to another New York area surgeon who was covered by the network. *Id.* Stanton also refused this referral, again requesting that she be referred to the specific doctor she had originally requested.

Because of Stanton's consistent refusal to undergo the surgery, the Air Force determined that Stanton no longer met the criteria for medical continuation orders, but it informed her that she could apply for incapacitation pay. Stanton's orders in effect at the time of this determination expired on September 1, 2011. The Air Force did not renew Stanton's medical continuation orders.

As the issue is framed in the Government's judgment motion, the question before the Court is whether the Air Force had to maintain Stanton on medical continuation orders, or whether it had the option of discontinuing her active duty membership. The remainder of the case is resolved based on the answers to those questions.

### c. Stanton's Proposed Supplementary Evidence

Stanton's motion requests that the Court allow her to supplement the administrative record with three "Tabs." The first, Tab A, is the omitted second page of the record already filed as part of the AR at AR 339-340. The second, Tab B, contains additional records generated by the Air Force after Stanton's discharge from active duty. Tab B also includes a recommendation that she received a full MEB. Finally, Tab C contains the actual MEB records from Stanton's case.

The Government does not oppose the inclusion of Tab A, as that particular record in the AR is evidently incomplete. It opposes supplementation of the AR by Tabs B and C.

## II. Legal Standard

Although the Federal Circuit has recognized the need for an adequate record for judicial review, the parties are limited in their ability to supplement the AR. *See Barnick v. United States*, 591 F.3d 1372, 1382 (Fed. Cir. 2010). As the Supreme Court stated

long ago with respect to a reviewing court's role, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The reviewing court has the duty to apply the proper standard of review under the Administrative Procedure Act ("APA"), 5 U.S.C. §706, to the agency decision based on the record which is presented to the reviewing court by the agency. *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009). Judicial review is limited thusly for the purpose of guarding against the use of new evidence to "convert the 'arbitrary and capricious' standard into effectively de novo review." *Id.* at 1380.

Supplementation of the record is, therefore, limited to cases in which "the omission of extra-record evidence precludes effective judicial review." *Id.* As this Court has recognized, judicial review is ineffective in instances where the evidence was unavailable below, or where a plaintiff has made a strong showing of bad faith or improper behavior which creates serious doubts about the integrity of the administrative action. *Bateson v. United States*, 48 Fed. Cl. 162, 165 (2000).

## III. Discussion

The merits positions of the parties are particularly important here, as the stance of the parties in litigation informs the Court of what is, and what is not, necessary for effective judicial review. Here, Stanton's one-count Complaint alleges that she was unlawfully discharged from active duty, such that she is entitled to pay, medical expenses and restoration to active duty until her disability case is finally decided by the Secretary of the Air Force. The Government's position is that Stanton was legally discharged from active duty because she failed to obtain the necessary treatment for her condition. Moreover, the Government argues that Stanton could have applied for incapacitation pay and that she was entitled to medical treatment in an approved medical treatment facility. Thus, the entire case boils down to whether Stanton was properly discharged.

Viewed from that perspective, Tabs B and C are entirely unnecessary for effective judicial review. They do not speak to whether the Air Force appropriately decided to refuse to provide Stanton with further medical continuation orders. Nor do the documents speak to the legality of that refusal. They merely show that the Air Force sent Stanton through the MEB process after her discharge from active duty.

Tab A, on the other hand, will contribute to effective judicial review of this matter. Tab A is a complete version of the record contained in the AR at page 339-340. Because the AR reflects an incomplete version of the record in Tab A, Tab A provides additional information which was before the Air Force and is not contained in the AR. For this reason, supplementation of the AR with Tab A is appropriate to ensure effective judicial review.

**IV.    Conclusion**

For the foregoing reasons, Stanton's motion to supplement the record is GRANTED, with respect to Tab A, and DENIED, with respect to Tabs B and C.

Furthermore, because the Court has completed its consideration of the motion to supplement, the parties may finalize briefing on the cross-motions for judgment on the administrative record. The Government has already filed its motion, so Stanton's cross-motion and response are the next filing due. The parties shall proceed under the following schedule:

- Stanton's cross-motion for judgment on the administrative record and response to the Government's motion is due June 28, 2013.
- The Government's response/reply brief is due July 12, 2013.
- Stanton's reply brief is due July 26, 2013.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge